**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH AGUILERA, individually and on Behalf of herself and all others similarly situated, | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | Case No. 1:18-CV-3550 |
| NUWAVE, LLC, | ] ] | The Hon. Edmund Chang |
| Defendant. | ] ] | (Jury Trial Demanded) |

**DEFENDANT NUWAVE, LLC's ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, NuWave, LLC ("NuWave") hereby answers the complaint filed by Plaintiff Elizabeth Aguilera ("Plaintiff") as follows:

1. Plaintiff Elizabeth Aguilera ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action complaint against Defendant NuWave, LLC ("NuWave") and in support alleges as follows:

**ANSWER:** Defendant admits that Plaintiff has brought this purported class action against Defendant and is without sufficient knowledge to admit or deny whether "others" are "similarly situated" to Plaintiff.

**NATURE OF THIS ACTION**

2. NuWave, LLC, founded in 1993, is a manufacturer and retailer of kitchen appliances. NuWave's flagship product is the NuWave Oven, a countertop oven that uses a combination of infrared, conduction, and convection heat to cook food. NuWave claims that its ovens are unique because of their "high-quality plastic dome[s] … selected for

1

their high durability." By NuWave's own estimation, "over 6 million NuWave Ovens have been sold since the product first launched."

**ANSWER:**     Admit. However, links in footnotes contain the words that they contain.

3.  NuWave markets and sells two of its four current NuWave Oven Models, the NuWave Oven Pro and the NuWave Oven Pro Plus, with clear plastic domes that are susceptible to cracking after minimal usage. Accordingly, NuWave sells a product into the stream of commerce that does not perform as promised and suffers a uniform defect.

**ANSWER:**     Deny. The ovens perform as promised and are not defective. Further answering, Defendant admits that that Defendant markets and sells the NuWave Oven Pro, and NuWave Oven Pro Plus; and that the NuWave Oven Pro and NuWave Oven Pro Plus incorporate a clear dome as a component. Links in footnotes contain the words that they contain.

4.  Notably, this defect is the subject of hundreds of online complaints, many of which NuWave has publicly responded to. Yet, despite NuWave's knowledge of the defect, it continues to falsely advertise Pro Model Ovens as being "high quality," "dishwasher safe," and "durable [and] shatter resistant."

**ANSWER:**     Deny. The ovens are not defective. Further answering, Defendant admits that there exists a number of online comments which express customer dissatisfaction with respect to the standard dome. Defendant admits that NuWave has responded to some online comments which express customer dissatisfaction with respect to the standard dome. Defendant admits that it has represented Pro Model ovens as being of high quality, dishwasher safe, and durable, and shatter resistant consistent with the owner's manuals. Links in footnotes contain the words they contain.

5.  The marketing representations constitute express warranties, as does the following statement in the owner's manual NuWave provides to each purchaser of the Pro Model Ovens: "the infrared cooking system including power head, dome, cooking rack, liner pan, base, and electrical components are to be free from defects and [sic] workmanship

under normal household use, when operated in accordance with the manufacturer's

written instructions provided with each unit for one (1) year from the date of purchase."

**ANSWER:** Deny. The marketing referenced in ¶ 5 contains no express warranty. Links in footnotes contain the words they contain. Further answering, the express warranty with respect to products referenced in this complaint is as follows:

> **THE MANUFACTURER WARRANTS**
> The infrared cooking system including power head, Dome, Cooking Rack, Liner Pan, Base, and all electrical components are to be free from defects and workmanship (sic) under normal household use, when operated in accordance with the Manufacturer's written instructions provided with each unit for one (1) year from date of purchase. The Manufacturer will provide the necessary parts and labor to repair any part of the infrared cooking system at NuWave, LLC Service Department. After the expiration of the warranty, the cost of the labor and parts will be the sole responsibility of the owner.
>
> **THE WARRANTY DOES NOT COVER**
> The non-stick coating (if applicable) on any part of the cooking system. The Limited Warranty is voided if repairs are made by an unauthorized dealer or the serial number data plate is removed or defaced. Normal deterioration of finish due to use or exposure is not covered by this Warranty. This Limited Warranty does not cover failure, damages or inadequate performance due to accident, acts of God (such as lightning), fluctuations in electric power, alterations, abuse, misuse, misapplications, corrosive type atmospheres, improper installation, failure to operate in accordance with the Manufacturer's written instructions, abnormal use or commercial use.
>
> **TO OBTAIN SERVICE**
> The owner shall have the responsibility to: Pay for all services and parts not covered by the warranty; Prepay the freight to and from the service department for any part or system returned under this warranty; Carefully package the product in adequate padding material to prevent damage in transit. The original container is ideal for this purpose. Include in the package the Owner's name, address, daytime telephone number, a detailed description of the problem, and your "RGA number." (Call 1-877-829-2838) or email help@nuwavenow.com to obtain the RGA (Return Goods

3

Authorization number). Provide the cooking system model & serial number and proof of sate of purchase (a copy of the receipt) when making claims under this warranty.

**MANUFACTURER'S OBLIGATION**

The Manufacturer's obligation under this Limited Warranty is limited to repairing or replacing any part of the infrared cooking system expressly covered by this Limited Warranty which upon examination is found to be defective under normal use. The Limited Warranty is applicable only within the continental United States and only to the original purchaser of the manufacturer's authorized channels of distribution. THE LIMITED WARRANTY MAY NOT BE ALTERED, VARIED OR EXTENDED EXCEPT BY A WRITTEN INSTRUMENT EXECUTED BY THE MANUFACTURER. THE REMEDY OF REPAIR OR REPLACEMENT AS PROVIDED UNDER THIS LIMITED WARRANTY IS EXCLUSIVE. IN NO EVENT SHALL THE MANUFACTURER BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES TO ANY PERSON, WHETHER OR NOT OCCASIONED BY NEGLIGENCE OF THE MANUFACTURER, INCLUDING WITHOUT LIMITATION, DAMAGES FOR LOSS OF USE, COSTS OF SUBSTITUTION, PROPERTY DAMAGE, OR OTHER MONEY LOSS.

Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation exclusions may not apply. This Limited Warranty gives specific legal rights, and there may also be other rights which vary from state to state. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED ABOVE, THE MANUFACTURER MAKES NO WARRANTIES EXPRESSED OR IMPLIED ARISING BY LAW OR OTHERWISE, INCLUDING WITHOUT LIMITATION, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE TO ANY OTHER PERSON. READ YOUR OWNER'S MANUAL. IF YOU STILL HAVE ANY QUESTIONS ABOUT OPERATION OR WARRANTY OF THE PRODUCT, PLEASE CONTACT NuWave, LLC.

1-877-689-2838
help@nuwavenow.com

(Emphasis in original.)

A true and accurate copy of the complete warranty is attached to this Answer as Exhibit A.

6. By selling its Pro Model Ovens with a known defect that causes them to crack in less than a year, NuWave violates these warranties.

**ANSWER:**   Deny.  The ovens are not defective.  The ovens were not sold with any known defect.  No defect caused ovens to crack in any period of time.  NuWave has violated no warranties.

7. NuWave also fails to live up to its promises when the defect manifests itself.  NuWave specifically warrants that it will provide replacement parts or repairs for its Ovens within the one-year warranty period: "The NuWave Oven is covered for a full one (1) year under normal use. NuWave, LLC will provide the necessary parts and labor to repair or replace the NuWave Oven during this time." However, this offer is illusory.  The Standard Dome is frequently out of stock, and even when it is in stock, consumers must pay shipping and handling costs almost equivalent to the price of the product in order to obtain one.

**ANSWER:**   Deny.  Further answering, the warranty which applies to all products referenced herein is incorporated in the answer to ¶ 5, above.  Links in footnotes incorporated into this paragraph of the Plaintiff's complaint contain the words they contain.

8. In fact, instead of providing customers with free, non-defective replacements for their cracked and unusable Standard Domes, NuWave has a standard practice of manipulating consumers into paying to upgrade to NuWave's newer, more expensive Power Dome, an amber-colored dome which is advertised as being "virtually indestructible."  NuWave specifically tells consumers who complain about the defective standard domes that they should pay extra to upgrade to the Power Dome in order to avoid future issues.  Notably,

5

despite the company's claims that the Power Dome is "shatter resistant" and "uses similar

technology applied in the manufacturing of jumbo jet windshields and NASA spaceships,

it is also susceptible to cracking.

**ANSWER:**    Deny.  Further answering, customers who have a valid warranty claim are offered a free standard dome and the opportunity to purchase a Power Dome at a discounted cost.  Links in footnotes contain the words they contain.

9.   Consumers who, despite NuWave's unfair and deceptive tactics above, are able to obtain

a replacement Standard Dome find that it suffers from the same defect as the one they

originally purchased.  Many consumers, including Plaintiff Elizabeth Aguilera, have gone

through the trouble of replacing their defective domes multiple times, only to experience

the same cracking each time.

**ANSWER:**    Deny.  Further answering, Defendant has replaced the standard dome for customers who present valid warranty claims in accordance with the terms of its warranty.  The warranty is incorporated in the answer to ¶ 5.

10. Plaintiff and consumers like her have all experienced the same defect— failure of the

Standard Domes via cracking or shattering—after using the Pro Model Ovens for a brief

period. Despite numerous consumer complaints, however, NuWave has not publicly

acknowledged the defect or attempted to fix it. Further, consumers cannot take advantage

of NuWave's one-year warranty as detailed herein.

**ANSWER:**    Deny.  The domes are not defective.  There is no defect to acknowledge.  Further answering, NuWave acknowledges and has acknowledged in appropriate contexts that a small percentage of some customers who purchased ovens with the standard dome have experienced cracks of a variety of types, stemming from a variety of causes, over a range of types and times of use.

11. NuWave continues to promote and market its faulty Pro Model Ovens and continues to

profit handsomely from their sale, as well as from the sale of its Power Domes, which

6

consumers are urged to buy when their standard domes fail or they complain about the defect. NuWave's conduct is deceptive and harmful to consumers.

**ANSWER:** Deny. The ovens are not defective or faulty. NuWave's conduct is neither deceptive nor harmful to consumers. Further answering, Defendant admits that NuWave continues to promote and market Pro Model Ovens. Defendant admits that the sale of such ovens generates profit. Customers who have a valid warranty claim are offered the opportunity to purchase a Power Dome at a discounted cost.

12. The Standard Dome is a material feature of the Pro Model Ovens. Without intact domes, the ovens are essentially worthless. Not only are ovens with cracked Domes incapable of properly retaining heat, they are also not safe to use. Specifically, the cracked Domes may emit heat, steam, or hot oil that can cause burns or other injuries. The cracked Domes also pose a fire hazard. Indeed, the first page of the NuWave Oven Pro Plus Owner's manual instructs consumers to "never … operate this appliance if it has … [been] damaged."

**ANSWER:** Deny. Defendant does not know how Plaintiff defines "intact." Further answering, if a dome has a significant crack the oven cannot be safely used. Links in footnotes contain the words they contain.

13. Reasonable consumers expect that the Pro Model Ovens, which retail for up to $150.80 on NuWave's website, will continue to be functional and safe after minimal use. And reasonable consumers, including Plaintiff, would not have purchased the Pro Model Ovens, or would have paid less for them, had they known the ovens suffered from a defect that causes their domes to crack.

**ANSWER:** This is a legal conclusion and requires no response. Links in footnotes contain the words they contain.

14. As a result of the defect in the Pro Model ovens, which is well documented and known to the defendant, Plaintiff and the proposed class have suffered damages.

**ANSWER:**    Deny.

## THE PARTIES

15. Plaintiff Elizabeth Aguilera is and was at all relevant times a citizen of the State of Florida, residing in the City of Cape Coral, Florida.

**ANSWER:**    Defendant is without knowledge to admit or deny this allegation.

16. Defendant NuWave, LLC is an Illinois Limited Liability Company with its headquarters and principal place of business in Libertyville, Illinois.  NuWave designs, manufacturers, and markets a range of kitchen appliances, including various models of the NuWave Oven, the NuWave Precision Induction Cooktop, the NuWave Brio Digital Air Fryer, and the NuWave Nutripot Digital Pressure Cooker.  NuWave sells its products globally through its website, as well as through various retailers, including Walmart, Macys, Kohls, Bed Bath and Beyond, Home Depot, Sears, Best Buy, and Target.

**ANSWER:**    Admit.

## JURISDICTION AND VENUE

17. This court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d) because this action is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, the amount in controversy exceeds $5,000,000, and there are members of the class who are citizens of a different state than the Defendant NuWave.

**ANSWER:**    Admit only that that this is a civil action purportedly brought pursuant to 28 U.S.C. § 1332(d), purportedly filed under Rule 23.  Defendant denies that the amount in controversy exceeds $5,000,000.  Defendant admits that there is incomplete diversity.  Legal citations contained in footnotes require no response.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because NuWave is a resident of Libertyville, Illinois which is located in this District.

8

**ANSWER:**    Admit.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this class action on behalf of herself and the Nationwide class defined as follows: All persons residing in the United States who purchased the NuWave Standard Dome and/or any NuWave Oven Model containing the standard dome, including the NuWave Oven Pro and the NuWave Oven Pro Plus, primarily for personal, family, or household purposes and not for resale.

**ANSWER:**    Defendant admits only that Plaintiff has brought this purported class action on behalf of herself and the Nationwide Class referenced in ¶ 19.  Defendant denies that Plaintiff's claims are proper individually or as a class action in accordance with the Federal Rules of Civil Procedure.

20. In the alternative, Plaintiff brings this class action on behalf of herself and the members of a subclass comprised of: All persons residing in the state of Florida who purchased the NuWave Standard Dome and/or any NuWave Oven Model containing the Standard Dome, including the NuWave Oven Pro and the NuWave Oven Pro Plus, primarily for personal, family or household purposes, and not for resale (the "Florida Subclass").

**ANSWER:**    Defendant admits only that Plaintiff has brought this purported class action on behalf of herself and the Florida subclass referenced in ¶ 20.  Defendant denies that class Plaintiff's claims are proper individually or as a class action in accordance with the Federal Rules of Civil Procedure.

21. The questions here are ones of common or general interest such that there is a well defined community of interest among the class members.  These questions predominate over questions that may affect only individual class members because NuWave has acted on grounds generally applicable to the class with respect to Pro Model Ovens and Standard Domes ("the products").  Such common legal questions include, but are not limited to:

   a.  whether the products are defective;
   b.  whether the products are defectively designed or manufactured;
   c.  whether Defendant knew or reasonably should have known about the defects prior to distributing the Products to Plaintiff and the class and subclasses;

    d.   whether Defendant concealed from and/or failed to disclose to Plaintiff and the class and subclasses the problems with the Products;

    e.   whether Defendant knew or reasonably should have known about the defects after distributing the Products to Plaintiff and the class and subclasses;

    f.   whether Defendant breached express warranties relating to the Products;

    g.   whether Defendant breached implied warranties relating to the Products;

    h.   whether Defendant was unjustly enriched by receiving moneys in exchange for Products that were defective;

    i.   whether Defendant should be ordered to disgorge all or part of the ill-gotten profits it received from the sale of the defective Products;

    j.   whether Plaintiff and the class are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

    k.   whether Defendant should be enjoined from selling and marketing its defective Products; and

    l.   whether Defendant engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing the defective Products.

**ANSWER:**    Deny all allegations contained in ¶ 21, and ¶ 21.a. – ¶ 21.l.

22. Members of the Nationwide Class and Florida Subclass are so numerous that joinder is impracticable. While the exact number of the class members is unknown to plaintiff; it is believed that each comprises of thousands of members geographically dispersed throughout the United States.

**ANSWER:**    Defendant denies the allegations in ¶ 22.

23. It is impracticable to bring class members' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually,

substantially outweigh any difficulties that may arise in the management of this class action.

**ANSWER:**    Defendant denies the allegations contained in ¶ 23.

24. Plaintiff's claims are typical of the members of the Nationwide Class and Florida Subclass, as all members of the class are similarly affected by NuWave's actionable conduct. Plaintiff and all members of the Nationwide Class and Florida Subclass purchased the NuWave Pro Model Ovens and Standard Domes when they contained a common defect that makes them worthless. In addition, NuWave's conduct that gave rise to the claims of Plaintiff and members of the class (i.e. delivering defective NuWave Ovens and Standard Domes, making false claims with respect to the Ovens and Domes, and breaching warranties respecting the Ovens and Domes) is the same for all members of the class.

**ANSWER:**    Defendant denies the allegations contained in ¶ 24.

25. Plaintiff will fairly and adequately protect the interests of the members of the Nationwide Class and Florida Subclass because she has no interests antagonistic to, or in conflict with, the consumers that she seeks to represent. Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation.

**ANSWER:**    Defendant denies the allegations contained in ¶ 25.

26. Plaintiff knows of no difficulty to be encountered in this action that would preclude its maintenance as a class action.

**ANSWER:**    Defendant denies the allegations contained in ¶ 26.

27. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief with respect to the class as a whole appropriate.

11

**ANSWER:**     Defendant denies the allegations contained in ¶ 27.

## FACTUAL BACKGROUND

### A. NuWave's Deceptive and Misleading Marketing of its ProModel Ovens and Standard Domes

28. NuWave first introduced its line of signature countertop ovens in 2002. Since then, the company has spent millions of dollars on marketing the ovens, including through a series of infomercials which "have dominated the media for over 15 years." In these infomercials, NuWave boasts that it's ovens are "the number one infrared cooking device[s] in the world," and claims that they are able to cook food "up to 50% faster than a conventional oven, while using up to 85% less energy." NuWave's aggressive marketing campaign has been enormously effective. The company claims that "over 6 million NuWave Ovens have been sold since its launch."

**ANSWER:**     Deny. We cannot determine how Plaintiff defines "aggressive" or "enormously." Further answering, admit that NuWave's website contains the quoted language, other than that NuWave ovens are "the number one infrared cooking device[s] in the world." Further answering, links in footnotes contain the words they contain.

29. NuWave specifically states in its infomercials that the Pro Model Ovens are "safe for the consumer," and claims on its website that the standard domes on the ovens are "high quality," "dishwasher safe," and "selected for their high durability." In fact, several versions of the boxes for the Pro Model Ovens have referred to the standard domes as "lightweight [and] durable," and made of "highly durable polycarbonate," as shown below.

**ANSWER:**     Admit. Further answering, the images, websites, links, and other media depictions cited to or referenced in this paragraph contain what they contain.

30. Furthermore, several retailers that sell the Pro Model Ovens, including Bed Bath and

Beyond, J.C. Penny, and Walmart, relying on information supplied and approved by

NuWave, currently advertise them as having "[d]urable, shatter resistant polycarbonate

dome[s]."

**ANSWER:**    Deny.  Defendant admits only that certain NuWave ovens are advertised as being durable, and made of shatter resistant polycarbonate material.  Defendant is without knowledge as to what, if any, reliance any retailer referenced herein had with respect to any information alleged to be supplied and approved by NuWave.

31. However, a virtually unending stream of consumer complaints contradict NuWave's

Representations about the quality and durability of its Pro Model Ovens.

"I was cooking something on my nuwave (sic) and the dome cracked … I payed (sic) to (sic) much money for this to happen. They said it was durable."
"Dome cracked in several places … the add (sic) said it was indestructible! Now, I find out, this is typical."
"… the plastic dome always ends up cracking also the commercial states it is dishwasher safe."
"Cracked. Said was durable. Misrepresented. I shouldn' (sic) pay for defected (sic) product."
"Nuwave advertises the dome is durable. Misrepresented."
"I had my unit 6 months and then the dome melted and cracked."
"My dome cracked … I have taken very good care of it, hand wash only, and it sits on the counter so it's not moved to and from places."

**ANSWER:**    Deny.  Further answering, Defendant admits that there exist online some comments which purport to be from dissatisfied purchasers of NuWave ovens.  Links in footnotes contain the words they contain.

32. Many consumers have reported that they have gone through multiple domes only to

experience the exact same defect every time—after minimal use, the dome cracks:

"Since I have purchased my nuwave oven I had to buy the plastic dome 4 times because it keeps cracking."

"While in use at normal use the dome cracked and the crack continued to grow. This is the second dome to crack. I will not purchase another Nu-Wave Oven."

"I have 3 nu waves and love the oven, but the domes keep cracking. I bought 2 ovens last year at the same time and the first dome broke within a couple months. And a few months later the 2nd one broke."

"Not only did the orginal [sic] dome crack after 9 months but I then purchased another one at full price. Now my second dome has broken in a little less then [sic] a year."

"Got one for my daughter and she is having the same issues with hers. So that makes 2 NuWave ovens that are not living up to expectations."

"I have had two of these Nuwave products & both times the dome has cracked … with all the reviews about the same problem occurring why doesn't Nuwave look into this and fix it."

"I have owned 2 and plastic domes cracked to pieces will not hold up to heat after 10 uses pure junk will never buy again."

"I have bought three of these things and the domes continue to crack … I feel the company should recall and replace all the domes that have cracked for no reason."

**ANSWER:**    Deny.  Further answering, Defendant admits that there exist online various comments which purport to be from dissatisfied purchasers of NuWave ovens.  Links in footnotes contain the words they contain.

33. Many of the online complaints are accompanied by pictures that show cracking that

ranges from bad to catastrophic.

[Five (5) pictures omitted.]

**ANSWER:**    Admit to the extent that the five images contained in ¶ 33 depict NuWave products, some of which appear to be damaged in varying degrees.  Defendant is without sufficient information to admit or deny the remaining allegations in ¶ 33.

34. The problem is not only that NuWave sells defective products—and that NuWave

misleadingly and deceptively markets those products as "high quality," "durable," "safe,"

and "shatter resistant" when they are demonstrably not—but also that NuWave attempts

to cover up the problem rather than acknowledging or fixing it. Many consumers have

14

complained that, when they have contacted NuWave customer service to try and get a replacement dome, they have been kept in the dark or explicitly misled about the fact that the cracking is a common, known defect associated with the Standard Domes:

> "They did not tell this was an ongoing problem and charged me to replace the dome PLUS postage and handling."

> "Called customer service representative was told no know [sic] defects had been reported."

**ANSWER:**    Deny.  NuWave's ovens are not defective.  NuWave does not engage in misleading or deceptive marketing practices.  NuWave has not attempted to cover up any problems with its products.  Further answering, NuWave admits having represented its products as being of high quality, durable, safe, and shatter resistance.  Defendant is without information sufficient to admit or deny the remaining allegations.  The links in footnotes of ¶ 34 of the complaint contain the words they contain.

35. NuWave's evasive conduct is even more troubling in light of the fact that it is undeniably aware of a huge volume of complaints about the Standard Domes' cracking defect.  In fact, a verified representative of NuWave with the username "JessicaC" has responded to hundreds of complaints about the ovens, many of which pertained to cracked domes, on www.pissedconsumer.com, a popular consumer review website.

**ANSWER:**    Deny.  Further answering, Defendant admits that JessicaC is a NuWave representative who has in some cases responded to consumer comments on the website identified in ¶ 35 of Plaintiff's complaint.  Links in footnotes contain the words they contain.

36. Based on NuWave's deceptive marketing of the Pro Model Ovens, Plaintiff and members of the Nationwide Class and Florida Subclass reasonably believe that they were purchasing products which were durable, made from high quality materials, and free from defects when in reality, the Ovens suffer from a uniform defect that causes them to crack or shatter after minimal use.

**ANSWER:**    Deny.

15

37. Despite their awareness of the many consumer complaints regarding the cracking defect, NuWave continues to represent to consumers that the Pro Model ovens are "safe for the consumer," "high quality," and "dishwasher safe," and that the Standard Domes on the Ovens are "selected for their high durability," "lightweight [and] durable," and made of "highly durable" and "shatter resistant polycarbonate."

**ANSWER:**   Deny.  The domes are not defective.  Further answering, Defendant admits that NuWave is aware that some customers have expressed dissatisfaction with NuWave ovens.  Defendant further admits that its ovens are safe for consumer use, of high quality, and dishwasher safe; as well as durable and lightweight, in accordance with the owner's manual.  Links in footnotes in ¶ 37 contain the words they contain.

38. In this way, NuWave actively misleads consumers about the true nature of the Pro Model ovens and their Standard Domes.  Reasonable consumers would consider the existence of a cracking defect to be important in determining whether or not to purchase the Ovens and Domes, given that the Ovens cannot be used with damaged domes.

**ANSWER:**   Deny.

39. NuWave knows, or reasonably should know, that its representations are deceptive, misleading, and unlawful, and intends that consumers rely on them.

**ANSWER:**   Deny.

40. As the direct and proximate result of NuWave's false, deceptive, and/or misleading statements, Plaintiff and the members of the putative Nationwide Class and Florida Subclass have suffered injury-in-fact and a loss of money or property through the out-of-pocket costs expended to purchase the Pro Model Ovens and Standard Domes.

16

**ANSWER:**     Deny.

**B. NuWave's Breaches of its Express Warranties**

**i.     NuWave Breaches its Express Warranties regarding the Quality, Durability, and Workmanship of its Ovens and Domes.**

41. By making the representations described above—specifically, that the Pro Model Ovens are "safe for the consumer," "high quality," and "dishwasher safe," and that the Standard Domes on the ovens are "selected for their high durability," "lightweight [and] durable," and made of "highly durable" and "shatter resistant polycarbonate"—NuWave expressly warrants that the ovens will remain intact and continue to be functional after a reasonable period of use.

**ANSWER:**     Deny.  To the extent ¶ 41 incorporates legal conclusions, no response is required.  Further answering, the ovens are sold with the express limited warranty as stated in the answer to ¶ 5.  Links in footnotes in ¶ 41 contain the words they contain.

42. In addition to the express warranties contained in marketing materials, NuWave provides each purchaser of a Pro Model Oven with an owner's manual that contains a warranty stating that the Ovens and Standard Domes are free from defects:

> "The infrared cooking system including power head, dome, cooking rack, liner pan, base, and electrical components are to be free from defects and [sic] workmanship under normal household use, when operated in accordance with the Manufacturer's written instructions provided with each unit for one (1) year from date of purchase."

**ANSWER:**     Deny.  Further answering, the warranty is incorporated in the answer to ¶ 5. The only warranty which is a part of the basis of the bargain as between NuWave and oven purchasers is contained in the answer to ¶ 5.  The limited warranty contained on the NuWave website is identical to the limited warranty contained in the owner's manual included with the oven.  Links in footnotes in ¶ 42 contain the words they contain.

43. Both NuWave's marketing language and the written warranty contained in the

owner's manual form the basis of the bargain for consumers.

**ANSWER:** Deny. Further answering, the warranty is incorporated in the answer to ¶ 5. The only warranty which is a part of the basis of the bargain as between NuWave and oven purchasers is contained in the answer to ¶ 5. Links in footnotes in ¶ 43 contain the words they contain.

44. NuWave violates these express warranties by selling its Pro Model Ovens with a

known defect that causes them to crack in less than a year.

**ANSWER:** Deny. Further answering, there is one express warranty, which is incorporated in the answer to ¶ 5.

### ii. NuWave Breaches its Express Warranty Regarding Consumers' Right to Obtain Replacement Parts

45. In addition to violating its express warranties with respect to the quality and

workmanship of its products, NuWave also fails to honor its promise to replace or

repair defective products within the one-year warranty period. The Pro Model

Ovens' warranty states:

> The NuWave Oven is covered for one (1) full year under normal use.
> NuWave, LLC will provide the necessary parts and labor to repair or
> replace the NuWave Oven during this time.

**ANSWER:** Deny. Further answering, the ovens are sold with the express limited warranty as stated in the answer to ¶ 5. NuWave honors all valid warranty claims. Links in footnotes in ¶ 45 contain the words they contain.

46. When consumers attempt to take advantage of this warranty, however, they find

that the Standard Dome is not in stock, or if it is, they must pay unreasonable

shipping costs to obtain it:

> "My unit was 7 months old … despite still being under "warranty", they
> would not replace it …[The customer service representative] first offered
> me the upgraded "power dome" for $20 plus $13.95 shipping. When I told

18

them that was unreasonable, I was then told they would lower the shipping to $9.95, cost of dome is the same."

"That dome cracked into 3 pieces. I called New Wave, and i was told that if i would only spend $50.00 more dollars, they would send a new one that has a 3 year warranty. Why would i want to spend an additional $50.00 for something that will not last more than 3 years, after paying over $100.00 for my oven?"

New wave want to charge you to replace it … they claim to have one is stronger on newer models that last longer, still plastic. But that leave us still no good replacement for those that have the old models.

Original oven dome cracked, two long sweeping cracks … No replacements available. Like an unsuspecting consumer, I assumed fault was mine and purchased the new power pro plus.61
Dome cracked and I purchased another clear one. That one also cracked after a year and the new amber colored dome to replace was all the was available.

I have now purchased 4 nu wave ovens. Every Dome cracks within the first couple of months in use … The company refuses to replace the plastic domes and what customers to buy new ones each time …The domes are never in stock from the 1st nuwave I purchased to the 4 one that is now broken.

I change 2 times my dome and payed [sic] for the shipping and still cracked in 1 week. Now they are asking me to pay another $20 to send me a [sic] upgrade dome because they don't have anymore

**ANSWER:**     Deny.  Further answering, the ovens are sold with the express limited warranty as stated in the answer to ¶ 5.  NuWave honors all valid warranty claims.  Links in footnotes in ¶ 46 contain the words they contain.

47. In addition to confirming that NuWave makes it impossible or unreasonably costly for

consumers to obtain replacement Standard Domes, these complaints also reveal a

troubling pattern. Specifically, they demonstrate that when consumers complain about

their cracked Standard Domes, NuWave has a standard practice of failing and/or refusing

to offer a replacement, and instead pressuring them to pay to upgrade to NuWave's

newer, more expensive Power Dome.

**ANSWER:**    Deny.  Further answering, the ovens are sold with the express limited warranty as stated in the answer to ¶ 5.  NuWave honors all valid warranty claims.  Links in footnotes in ¶ 47 contain the words they contain.

48. On the consumer complaint website, www.pissedconsumer.com, almost all of NuWave's

responses to consumer complaints about cracked domes contain the following language,

which urges consumers to upgrade to the Power Dome:

> Dear Nuwave Oven Customer,
> Thank you for your honest feedback. Nuwave sincerely apologizes for the issues you are having with your Nuwave dome … Nuwave continues to strive to update and refine our products to be more modern and efficient. That being said, we do now offer our new Power Dome … The virtually-indestructible Power Dome is built to withstand extreme temperatures. Made from polyphenylsulfone (PPSU), a material which delivers superior impact resistance while remaining BPA-free, the Power Dome uses similar technology applied in the manufacturing of jumbo jet windshields and NASA spaceships. In fact, the Power Dome is so strong, it's backed by a 3-year warranty.

**ANSWER:**    Deny.  Further answering, the particular response cited in ¶ 48 was written by a NuWave representative.  Links in ¶ 48 contain the words they contain.

49. This "solution" is no solution at all. As one consumer succinctly put it, after receiving the

response above:

> "when I called for remediation, your company offered to sell me another part … I think you are responsible for the poor choice of materials, poor construction, and therefore should upgrade the lid on any and all of the products out there in the field with similar problems. I see this as perhaps dodging the issue, and surely not a fair solution."

**ANSWER:**    Deny.  Further answering, the particular comment cited in ¶ 48 contains the words it contains.  Links in ¶ 49 contain the words they contain.

## THE EXPERIENCE OF THE NAMED PLAINTIFF

50. Plaintiff Elizabeth Aguilera has purchased, owned, or used four different NuWave Ovens, all of which came with Standard Domes, and all of which cracked after minimal use.

**ANSWER:**     Defendant is without knowledge as to whether or not Plaintiff purchased, owned, or used four different NuWave ovens; whether those domes came with standard domes; whether any such dome cracked; or whether any such crack occurred after minimal use.

51. Ms. Aguilera purchased her first NuWave Oven from Target in or around October, 2016. She gave this oven to a friend as a wedding present. Approximately seven months later, the friend informed Ms. Aguilera that the oven's dome had cracked and that the oven was no longer usable.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this allegation.

52. Also, in 2016, Ms. Aguilera's mother in law was gifted a NuWave Oven and brought it to their shared home.  Ms. Aguilera cooked with this oven regularly until it cracked several months later.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this allegation.

53. Because the oven her mother-in-law purchased was now unusable, Ms. Aguilera purchased a whole new oven at Kohls in or around December, 2016.  After approximately six months of semi-regular use, this oven cracked in several places.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this allegation.

54. Shortly thereafter, Ms. Aguilera called NuWave's customer service hotline.  The customer service representative she spoke to informed her that the "free" clear replacement Standard Dome was out of stock, and that even when it was back in stock,

she would have to pay a significant amount in shipping and handling costs to have it sent

to her.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this
allegation.

55. The customer service representative told her that, as an alternative, she could upgrade to

the stronger Power Dome, but would have to pay for the dome itself as well as shipping

and handling.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this
allegation.

56. Ms. Aguilera determined that neither of these options were worth the cost, especially

when, at certain retailers, she could purchase a whole new oven for approximately

$100.00.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this
allegation.

57. Ms. Aguilera did purchase a new oven, again at Kohls, in or around Spring 2017.  She

has owned this oven for approximately one year, and it has also cracked.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny any part of this
allegation.

58. Prior to her purchases, Ms. Aguilera saw advertisements for the NuWave Oven Pro that

claimed it was a high quality, reliable product.  She purchased the NuWave in reliance

upon those promises—believing that the NuWave oven was, in fact, durable and built

from high quality materials and would not prematurely fail.  Ms. Aguilera suffered injury

as a result of her purchase of the NuWave Ovens because she was deceived into

purchasing them based on Defendant's representations.

**ANSWER:**     Deny that Elizabeth Aguilera has suffered injury as a result of her purchase or use of any NuWave oven.  Further answering, Defendant is without sufficient information to admit or deny the remaining allegations contained in ¶ 58.

59. At no time did Defendant provide Ms. Aguilera with any warnings concerning the

cracking defect associated with its Pro Model Ovens.  Had Plaintiff Aguilera known of

the existence of the defect, she would not have purchased the Ovens, or would have paid

significantly less for them.

**ANSWER:**     Deny.  The ovens are not defective.  Further answering, Defendant admits that Defendant has not provided Ms. Aguilera with any warnings concerning any defects in any NuWave oven, because the ovens are not defective.  Defendant is without knowledge to admit or deny the remaining allegations in this paragraph.

60. Additionally, had Plaintiff Aguilera known the NuWave Ovens were not "high quality,"

"durable," "safe," or "shatter resistant," she would not have purchased them or would

have paid significantly less for them.

**ANSWER:**     Deny.  The ovens are of high quality, durable, safe, and shatter resistant.

61. Plaintiff Aguilera would purchase NuWave Pro Model Ovens and/or Standard Domes in

the future if she could be assured that they were not defective.

**ANSWER:**     Defendant is without knowledge sufficient to admit or deny the allegations contained in ¶ 61.

**CAUSES OF ACTION**

**A.  EXPRESS WARRANTY CLAIMS**

**COUNT I**
**(Breach of Express Warranty—Magnuson Moss Warranty Act—On Behalf of the Nationwide Class and the Florida Subclass)**

62. Plaintiff re-alleges and incorporates each and every allegation set fourth above as if fully
    written herein.

23

**ANSWER:**     Defendant repeats and incorporates by reference as its answer to ¶ 62 each and every answer as stated above, as if fully written herein.

63. NuWave Pro Model Ovens are consumer products as defined in 15 U.S.C. § 2301(1).

**ANSWER:**     This is a legal conclusion and requires no response.

64. Plaintiff and class members are consumers as defined by 15 U.S.C. § 2301(3).

**ANSWER:**     This is a legal conclusion and requires no response.

65. NuWave is a supplier and warrantor as defined by 15 U.S.C. §§ 2301(4) and (5).

**ANSWER:**     This is a legal conclusion and requires no response.

66. NuWave provided Plaintiff and Class Members with "written warranties" within the

meaning of 15 U.S.C. § 2301(6).

**ANSWER:**     Deny.  Defendant provided a single warranty.  Further answering, Defendant provided all NuWave oven purchasers with the express warranty as reflected in the answer to ¶ 5.

67. By advertising the Pro Model Ovens as "high quality," "durable," "safe," and

"shatter resistant," and by providing consumers with owner's manuals stating that

"the infrared cooking system including … dome … are to be free from defects

and [sic] workmanship under normal household use," NuWave expressly

warranted to Plaintiff and class members that the Ovens would continue to work

after a reasonable period of use.

**ANSWER:**     Deny.  The quoted language contained in ¶ 67 does not constitute an express warranty.  The sole express warranty provided to NuWave oven purchasers is contained in the answer to ¶ 5.

68. Such statements became the basis of the bargain for Plaintiff and other class

members because such statements are among the facts a reasonable consumer

would consider material in the purchase of high-end kitchen appliances.

**ANSWER:**    Deny.  The sole warranty that was the basis of any NuWave Oven purchaser's bargain, and the sole express warranty provided to NuWave oven purchasers is contained in the answer to ¶ 5.

69. NuWave breached these express warranties by delivering Pro Model ovens that

do not function as promised and fail to withstand normal use.

**ANSWER:**    Deny.

70. Additionally, NuWave breached its express warranty stating that it would replace

or repair, free of charge, any defective NuWave Pro Model Oven.  NuWave's

Warranty states: "The NuWave Oven is covered for a full one (1) year under

normal use.  NuWave LLC will provide the necessary parts and labor to repair or

replace the NuWave Oven during this time."

**ANSWER:**    Deny.  The sole warranty that applies is that contained in the answer to ¶ 5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words they contain.

71. NuWave breached this express warranty by repeatedly failing to repair or replace

Plaintiff's defective Pro Model ovens and/or Standard Domes with non-defective

parts.  At no time has NuWave offered a permanent or adequate replacement of

the defective NuWave ovens.

**ANSWER:**    Deny.  The sole warranty that applies is that contained in the answer to ¶ 5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words they contain.

72. At the time the Pro Model Ovens were sold, NuWave knew of the defects they

possessed and offered an express warranty with no intention of honoring the

warranty with respect to the known defects.

**ANSWER:**    Deny.  The ovens are not defective.  There are no defects to be aware of.  The sole warranty that applies is that contained in the answer to ¶ 5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words they contain.

73. Despite repeated demands by Plaintiff and members of the nationwide class and Florida subclass that NuWave repair or replace the defective Ovens, NuWave has refused to provide a permanent fix. NuWave's refusal to provide an adequate repair or replacement violates 15 U.S.C. § 2304.

**ANSWER:**    Deny. Defendant honors all valid warranty claims.

74.   NuWave was afforded a reasonable opportunity to cure its breach of the express warranty but failed to do so.

**ANSWER:**    Deny. Defendant has breached no express warranty.

75. As a direct and proximate result of the foregoing breaches of express warranty, Plaintiff and the nationwide class have been damaged in that they purchased the Pro Model ovens that could not perform as warranted; did not receive the benefit of the bargain of their purchases including the promise of a free replacement or repair; and did not receive a permanent or adequate repair or replacement products under NuWave's one-year warranty.

**ANSWER:**    Deny.

76. Plaintiff and the Nationwide Class seek all damages permitted by law in an amount to be determined at trial.

**ANSWER:**    Admit that Plaintiff and alleged class plaintiffs seek damages as alleged. Deny that Plaintiff and any alleged class plaintiffs are entitled to any damages.

## COUNT II
### (Breach of Express Warranty—On Behalf of Nationwide Class)

77. Plaintiff re-alleges and incorporates each and every allegation set fourth above as if fully written herein.

**ANSWER:**    Defendant repeats and incorporates by reference as its answer to ¶ 77 each and every answer as stated above, as if fully written herein.

78. By advertising the Pro Model Ovens as "high quality," "durable," "safe," and

   "shatter resistant," and by providing consumers with owner's manuals stating that

   "the infrared cooking system including … dome … are to be free from defects

   and [sic] workmanship under normal household use,"  NuWave expressly

   warranted to Plaintiff and Nationwide class members that the Ovens would

   continue to work after a reasonable period of use.

**ANSWER:**    Deny.  The sole warranty that applies is that contained in the answer to ¶
5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words
they contain.

79. Such statements became the basis of the bargain for Plaintiff and other nationwide

   class members because such statements are among the facts a reasonable

   consumer would consider material in the purchase of high-end kitchen appliances.

**ANSWER:**    Deny.  The quoted language contained in ¶ 78 does not constitute an
express warranty, and was not the basis of any bargain as alleged.  The sole express
warranty provided to NuWave oven purchasers is contained in answer to ¶ 5.

80. NuWave breached these express warranties by delivering Pro Model Ovens that

   do not function as promised and fail to withstand normal use.

**ANSWER:**    Deny.

81. Additionally, NuWave breached its express warranty stating that it would replace

   or repair, free of charge, any defective NuWave Pro Model Oven.  NuWave's

   Warranty states: "The NuWave Oven is covered for a full one (1) year under

   normal use.  NuWave LLC will provide the necessary parts and labor to repair or

   replace the NuWave Oven during this time."

**ANSWER:**    Deny.

82. NuWave breached this express warranty by repeatedly failing to repair or replace Plaintiff's defective Pro Model ovens and/or Standard Domes with non-defective parts. At no time has NuWave offered a permanent or adequate replacement of the defective NuWave ovens.

**ANSWER:** Deny.

83. At the time the Pro Model Ovens were sold, NuWave knew of the defects they possessed and offered an express warranty with no intention of honoring the warranty with respect to the known defects.

**ANSWER:** Deny.

84. As a direct and proximate result of the foregoing breaches of express warranty, Plaintiff and the nationwide class have been damaged in that they purchased the Pro Model ovens that could not perform as warranted; did not receive the benefit of the bargain of their purchases including the promise of a free replacement or repair; and did not receive a permanent or adequate repair or replacement products under NuWave's one-year warranty.

**ANSWER:** Deny.

85. Plaintiff and the Nationwide Class seek all damages permitted by law in an amount to be determined at trial.

**ANSWER:** Defendant admits that Plaintiff and the purported nationwide class seek damages as stated. Defendant denies that any member of the nationwide class, including named plaintiff Elizabeth Aguilera, is entitled to any relief sought.

## COUNT III
### (In the alternative, Breach of Express Warranty on Behalf of the Florida Subclass under Fla. Stat. Ann. § 672.313)

86. Plaintiff re-alleges and incorporates each and every allegation set fourth in paragraphs one through sixty-one as if fully written herein.

**ANSWER:** Defendant repeats and incorporates by reference as its answer to ¶ 86 each and every answer as stated above in ¶¶ 1-61, as if fully written herein.

87. By advertising the Pro Model Ovens as "high quality," "durable," "safe," and "shatter resistant," and by providing consumers with owner's manuals stating that "the infrared cooking system including … dome … are to be free from defects and [sic] workmanship under normal household use," NuWave expressly warranted to Plaintiff and Nationwide class members that the Ovens would continue to work after a reasonable period of use.

**ANSWER:** Deny. The sole warranty that applies is that contained in the answer to ¶ 5. Defendant honors all valid warranty claims. Links in footnotes contain the words they contain.

88. Such statements became the basis of the bargain for Plaintiff and other nationwide class members because such statements are among the facts a reasonable consumer would consider material in the purchase of high-end kitchen appliances.

**ANSWER:** Deny.

89. NuWave breached these express warranties by delivering Pro Model Ovens that do not function as promised and fail to withstand normal use.

**ANSWER:** Deny.

90. Additionally, NuWave breached its express warranty stating that it would replace or repair, free of charge, any defective NuWave Pro Model Oven. NuWave's Warranty states: "The NuWave Oven is covered for a full one (1) year under normal use. NuWave LLC will provide the necessary parts and labor to repair or replace the NuWave Oven during this time." NuWave breached this express

29

warranty by repeatedly failing to repair or replace Plaintiff's defective Pro Model

Ovens and/or Standard Domes with non-defective products. At no time has

NuWave offered a permanent or adequate repair or replacement of the defective

Ovens.

**ANSWER:**    Deny.  Defendant breached no express warranty.  Further answering, the sole warranty that applies is that contained in the answer to ¶ 5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words they contain.

91.  Plaintiff relied on NuWave's express warranties regarding the characteristics and

qualities of the Pro Model Ovens.

**ANSWER:**    Deny.  Further answering, defendant is without sufficient information to admit or deny the allegations as to what plaintiff relied on.

92. As a direct and proximate result of the foregoing breaches of express warranty,

Plaintiff and the nationwide class have been damaged in that they purchased the

Pro Model ovens that could not perform as warranted; did not receive the benefit

of the bargain of their purchases including the promise of a free replacement or

repair; and did not receive a permanent or adequate repair or replacement

products under NuWave's one-year warranty.

**ANSWER:**    Deny.

93. Plaintiff and the Nationwide Class seek all damages permitted by law in an

amount to be determined at trial.

**ANSWER:**    Defendant admits that Plaintiff and the purported nationwide class seek damages as stated.  Defendant denies that any member of the nationwide class, including named plaintiff Elizabeth Aguilera, is entitled to any relief sought.

### B.  IMPLIED WARRANTY CLAIMS

**COUNT IV**
**(Violation of 15 U.S.C. § 2301 *et seq.*: The Magnuson-Moss Warranty Act—Implied Warranty—On Behalf of the Nationwide Class and the Florida Subclass)**

94. Plaintiff re-alleges and incorporates each and every allegation set fourth in paragraphs

one through sixty-one as if fully written herein.

**ANSWER:**     Defendant repeats and incorporates by reference as its answer to ¶ 94 each and every answer as stated above in ¶¶ 1-61, as if fully written herein.

95. Plaintiff brings this claim on behalf of the Nationwide Class and the Florida Subclass.

**ANSWER:**     Defendant admits only that Plaintiff has brought this purported class action on behalf of herself and the alleged Nationwide Class referenced in ¶ 95.  Defendant denies that Plaintiff's claims are proper individually or as a class action in accordance with the Federal Rules of Civil Procedure.

96. NuWave Pro Model Ovens are consumer products as defined in 15 U.S.C. § 2301.

**ANSWER:**     This is a legal conclusion and requires no response.

97. Plaintiff and members of the nationwide class and Florida subclass are "consumers"

within the meaning of 15 U.S.C. § 2301, because they are persons entitled under

applicable state law to enforce against the warrantor the obligations of its express and

implied warranties.

**ANSWER:**     This is a legal conclusion and requires no response.  Further answering, deny to the extent that this paragraph alleges the existence of any express or implied warranties beyond the scope of the express warranty contained in answer to ¶ 5.  There are no warranties other than that contained in answer to ¶ 5.

98. NuWave is a "supplier" of the consumer products to consumers and a "warrantor" within

the meaning of 15 U.S.C. § 2301.

**ANSWER:**     This is a legal conclusion and requires no response.

99. Section 2310(d)(1) of Chapter 15 of the United States Code provides a cause of action for

any consumer who is damaged by the failure of a warrantor to comply with a written or

implied warranty.

**ANSWER:**     Admit.

100.     NuWave made written and implied warranties regarding the Pro Model Ovens to

Plaintiff and members of the Nationwide Class and the Florida Subclass within the

meaning of 15 U.S.C. § 2301. NuWave provided Plaintiff and other members of the

Nationwide Class and the Florida Subclass with an implied warranty of merchantability

within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).

**ANSWER:**     This is a legal conclusion and requires no response.  Further answering, deny to
the extent that this paragraph alleges the existence of any warranties beyond the scope of the
express warranty contained in answer to ¶ 5.  There are no warranties other than that contained in
answer to ¶ 5.

101.     NuWave breached the implied warranty of merchantability because the Pro Model

Ovens were not fit for the ordinary purpose in which such goods are used.  Specifically,

the ovens contained a defect that caused them to crack after a brief period of normal use,

rendering them unusable.

**ANSWER:**     Deny.  The sole warranty that applies is that contained in the answer to ¶
5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words
they contain.  Further answering, the express warranty explicitly disclaims any implied
warranty of merchantability.  The relevant portion reads:

> EXCEPT AS OTHERWISE EXPRESSLY PROVIDED ABOVE,
> THE MANUFACTURER MAKES NO WARRANTIES
> EXPRESSED OR IMPLIED ARISING BY LAW OR
> OTHERWISE, INCLUDING WITHOUT LIMITATION, THE
> IMPLIED WARRANTIES OF MERCHANTABILITY AND
> FITNESS FOR A PARTICULAR PURPOSE TO ANY OTHER
> PERSON. READ YOUR OWNER'S MANUAL. IF YOU STILL
> HAVE ANY QUESTIONS ABOUT OPERATION OR
> WARRANTY OF THE PRODUCT, PLEASE CONTACT
> NuWave, LLC. (Emphasis in original.)

102.     Pursuant to 15 U.S.C. § 2310(e), Plaintiff is entitled to bring this class action and

is not required to give NuWave notice and an opportunity to cure until such time as the

Court determines the representative capacity of Plaintiff pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

**ANSWER:**   Deny.

103.        Plaintiff's individual claims place into controversy an amount equal to or

exceeding $25.00. The amount in controversy of this entire action exceeds the sum of

$50,000.00, exclusive of interest and costs, computed on the basis of all claims to be

determined in this lawsuit. Plaintiff, individually and on behalf of the other class

members, seeks all damages permitted by law in an amount to be proven at trial.

**ANSWER:**   Deny.  Further answering, the amount in controversy requirement is
$5,000,000.00.  *See* 28 U.S.C. § 1332(d).

104.        In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the other class

members are entitled to recover a sum equal to the aggregate amount of costs and

expenses (including attorneys' fees based on actual time expended) determined by the

Court to have reasonably been incurred by Plaintiff and the other class members in

connection with the commencement and prosecution of this action.

**ANSWER:**   Deny.

105.        Further, Plaintiff and the classes are also entitled to equitable relief under 15

U.S.C. § 2310(d)(1) and damages as a result of NuWave's violation of its express and/or

implied warranties.

**ANSWER:**   Deny.  The sole warranty that applies is that contained in the answer to ¶
5.  Defendant honors all valid warranty claims.  Links in footnotes contain the words
they contain.

**COUNT V**
**(In the Alternative, Breach of Implied Warranty of Merchantability on Behalf of the
Florida Subclass Under Fla. Stat. Ann. § 671314)**

106.        Plaintiff re-alleges and incorporates each and every allegation set fourth in

paragraphs one through sixty-one as if fully written herein.

**ANSWER:**    Defendant repeats and incorporates by reference as its answer to ¶ 106 each and every answer as stated above in ¶¶ 1-61, as if fully written herein.

107.    NuWave is a "merchant" of the Pro Model Ovens because NuWave is a retail

seller of countertop ovens and parts and routinely sells a wide variety of kitchen

appliances.

**ANSWER:**    This is a legal conclusion and requires no response.  Further answering, Defendant admits that NuWave is a retail seller of countertop ovens and other kitchen appliances.

108.    NuWave is also the manufacturer of the Pro Model Ovens.

**ANSWER:**    Admit.

109.    Plaintiff and members of the Florida subclass are "buyers" of the Pro Model

Ovens because they purchased their ovens for personal use.

**ANSWER:**    Deny, to the extent that the class Plaintiff's claims are proper individually or as a class action.  Further answering, Defendant is without information sufficient to admit or deny whether class plaintiffs as alleged in this paragraph purchased for personal use.

110.    NuWave impliedly warranted to Plaintiff and Florida Subclass members that its

Pro Model Ovens were "merchantable" within the common meaning of "merchantability"

expressed in Fla. Stat. Ann. §672.314.

**ANSWER:**    This is a legal conclusion and requires no response.  Further answering, there are no warranties that attach other than the warranty incorporated in answer to ¶ 5.

111.    Fla. Stat. Ann. § 672.314 requires that merchantable goods:

1. pass without objection in the trade under the contract description; and
2. in the case of fungible goods, are of fair average quality within the description; and
3. are fit for the ordinary purposes for which such goods are used; and
4. run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
5. are adequately contained, packaged, and labeled as the agreement may require; and
6. conform to the promises or affirmations of fact made on the container or label if any.

34

**ANSWER:**     Admit that Fla. Stat. Ann. § 672.314 contains the words it contains.

112.     The Pro Model Ovens would not pass without objection in the trade because they do not perform as warranted—the Standard Domes crack and fail to maintain their structural integrity after normal use. This defect renders the Ovens unfit for ordinary purposes for which such goods are used.

**ANSWER:**     Deny.  The ovens and all component parts, including the domes, perform as warranted and are not defective.

113.     The Pro Model Ovens are not adequately contained, packaged, and labeled because the labeling represents that, among other representations alleged above, the ovens are "durable" or "highly durable," which are qualities they do not have.

**ANSWER:**     Deny.  The ovens contain no deficits with respect to their durability.

114.     For the same reason, the Pro Model Ovens do not conform to the promises or affirmations of fact made on behalf of the container or label.

**ANSWER:**     Deny.

115.     NuWave thus breached the implied warranty of merchantability.

**ANSWER:**     Deny. The sole warranty that applies is that contained in the answer to ¶ 5. Defendant honors all valid warranty claims.  Links in footnotes contain the words they contain.  Further answering, the express warranty explicitly disclaims any implied warranty of merchantability.  The relevant portion reads:

> EXCEPT AS OTHERWISE EXPRESSLY PROVIDED ABOVE, THE MANUFACTURER MAKES NO WARRANTIES EXPRESSED OR IMPLIED ARISING BY LAW OR OTHERWISE, INCLUDING WITHOUT LIMITATION, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE TO ANY OTHER PERSON. READ YOUR OWNER'S MANUAL. IF YOU STILL HAVE ANY QUESTIONS ABOUT OPERATION OR WARRANTY OF THE PRODUCT, PLEASE CONTACT NuWave, LLC. (Emphasis in original.)

116.     As a direct and proximate result of NuWave's breach of the implied warranty of

merchantability, Plaintiff and the other Florida subclass members did not receive the

benefit of their bargain and received goods with a defect that substantially impairs their

value to Plaintiff and class members.  Plaintiff and class members were damaged as a

result of the defect in the Pro Model ovens.

**ANSWER:**     Deny.  The ovens are not defective.

117.     Plaintiff and the Florida subclass seek all damages permitted by law in an amount

to be determined at trial.

**ANSWER:**     Admit that Plaintiff and alleged class plaintiffs seek damages as alleged.  Deny
that Plaintiff and any alleged class plaintiffs are entitled to any damages.

### C.  CONSUMER PROTECTION STATUTE CLAIMS

### COUNT VI
**(Violation of the Illinois Uniform Deceptive Trade Practices Act—On Behalf of the
Nationwide Class)**

118.     Plaintiff re-alleges and incorporates each and every allegation set forth above as if

fully written herein.

**ANSWER:**     Defendant incorporates each and every foregoing answer as if written fully herein.

119.     The Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 Ill. Comp.

Stat. Ann. 510/2 et seq., prohibits "Unfair methods of competition and unfair or deceptive

acts or practices, including but not limited to the use or employment of any deception

fraud, false pretense, false promise, misrepresentation or the concealment, suppression or

omission of any material fact, with intent that others rely upon the concealment,

suppression or omission of such material fact…"

**ANSWER:**     Admit that the statute contains the words it contains.

120.     815 ILCS 510/2 provides in pertinent part that a "person engages in a deceptive

trade practice when, in the course of his or her business, vocation, or occupation," the

person does any of the following: ". . . (5) represents that goods or services have . . . uses,

benefits, or quantities that they do not have . . .; (7) represents that goods or services are

of a particular standard, quality, or grade or that goods are a particular style or model, if

they are of another; . . . [or] (12) engages in any other conduct which similarly creates a

likelihood of confusion or misunderstanding."

**ANSWER:**     Admit that the statute contains the words it contains.

121.     NuWave engaged in unfair and deceptive acts in violation of 815 Ill. Comp. Stat.

Ann. 510/2 when it represented that its Pro Model Ovens are "high quality," "durable,"

"safe," and "shatter resistant" when in fact they are not; and, when in response to requests

for replacement products under NuWave's warranty, NuWave either refused to honor the

warranty or sent consumers products that contained the same defect.

**ANSWER:**     This is a legal conclusion and requires no response.  Further answering,
Defendant admits that it has represented its ovens as being of high quality, durable, safe, and
shatter resistant.   Defendant denies the remaining allegations in this paragraph.

122.     Defendant knew, or reasonably should have known, that its representations are

deceptive, misleading, and unlawful, and intended that consumers rely on them.

Alternatively, Defendant was reckless in not knowing that its representations were

deceptive and/or misleading at the time that they were made.

**ANSWER:**     Deny.

123.     As the direct and proximate result of Defendant's false, deceptive and/or

misleading acts and statements, Plaintiffs and putative class members have suffered a loss

of money or property through the out-of-pocket costs expended to purchase the Pro

Model Ovens.

**ANSWER:**    Deny.

### COUNT VII
### (Violation of Illinois Consumer Fraud and Deceptive Trade Practices Act—On Behalf of the Nationwide Class)

124.    Plaintiff re-alleges and incorporates each and every allegation set fourth in

paragraphs one through sixty-one as if fully written herein.

**ANSWER:**    Defendant repeats and incorporates by reference as its answer to ¶ 124 each and every answer as stated above in ¶¶ 1-61, as if fully written herein.

125.    The Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815

Ill. Comp. Stat. Ann. 505/1 et seq., prohibits "[u]nfair methods of competition and unfair

or deceptive acts or practices, including but not limited to the use or employment of any

deception, fraud, false pretense, false promise, misrepresentation or the concealment,

suppression or omission of any material fact, with intent that others rely upon the

concealment, suppression or omission of such material fact or the use or employment of

any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' …"

**ANSWER:**    Admit the Illinois Consumer Fraud and Deceptive Trade Practices Act contains the words it contains.

126.    NuWave engaged in unfair and deceptive acts in violation of 815 Ill. Comp. Stat.

Ann. 505/2 when it represented that its Pro Model Ovens are "high quality," "durable,"

"safe," and "shatter resistant" when in fact they are not; and, when in response to requests

for replacement products under NuWave's warranty, NuWave either refused to honor the

warranty or sent consumers products that contained the same defect. NuWave also sold

defective Standard Domes to consumers after the warranty expired, knowing that they

were defective. At other times, NuWave upsold consumers to purchase the Power Dome

even during the warranty period.

**ANSWER:**    This is a legal conclusion and requires no response.  Further answering,
Defendant admits to representing the ovens as being of high quality, durable, safe, and shatter
resistant.  NuWave honors all valid warranty claims. Some customers with valid warranty claims
are offered the opportunity to purchase a stronger dome at a discounted price.  Links in footnotes
contain the words they contain.

127.    NuWave knew, or reasonably should have known, that its representations were

and are deceptive, misleading, and unlawful, and intended that consumers rely on them.

Alternatively, NuWave was reckless in not knowing that its representations were

deceptive and/or misleading at the time that they were made.

**ANSWER:**    Deny.

128.    As the direct and proximate result of NuWave's false, deceptive and/or

misleading acts and statements, Plaintiffs and members of the Nationwide Class have

suffered a loss of money or property through the out-of-pocket costs expended to

purchase the Pro Model Ovens.

**ANSWER:**    Deny.

129.    Plaintiff and the Nationwide Class seek all damages permitted by law in an

amount to be determined at trial.

**ANSWER:**    Admit that Plaintiff and alleged class plaintiffs seek damages as alleged.
Deny that Plaintiff and any alleged class plaintiffs are entitled to any damages.

## COUNT VII
**(In the Alternative, Violation of Florida Consumer Protection Laws—On Behalf of the
Florida Subclass)**

130.    Plaintiff re-alleges and incorporates each and every allegation set fourth in

paragraphs one through sixty-one as if fully written herein.

**ANSWER:**    Defendant incorporates by reference as its answer to ¶ 130 each and every answer as stated in ¶¶ 1-61 above, as if fully written herein.

131.    Plaintiff is authorized to bring this claim pursuant to Florida Statute § 501.211, which creates a private right of actions for consumers including Plaintiff and members of the Florida Subclass, who may seek declaratory relief, injunctive relief, actual damages, and attorney's fee and costs as provided in Florida Statute § 501.2105. All such relief is sought in this count, and Plaintiff and all members of the Florida Subclass are entitled to such relief.

**ANSWER:**    Deny.  Further answering, Defendant admits that Plaintiff seeks relief as stated in this paragraph.

132.    Florida Statute § 501.204(1) prohibits "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

**ANSWER:**    Admit that the cited statute contains the words it contains.

133.    Among other purposes, FDUTPA is intended "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § Florida Statute § 501.202.

**ANSWER:**    This is a legal conclusion and requires no response.  Further answering, Defendant admits that the statute contains the words it contains.

134.    NuWave at all relevant times, solicited, advertised, offered, provided, and distributed goods in the State of Florida, and was thereby engaged in trade or commerce as defined by Florida Statute § 501.203(8).

**ANSWER:**    This is a legal conclusion and requires no response.  Further answering, Defendant admits that it sold goods to people in the State of Florida.

135.     Plaintiff, and all members of the Florida Subclass, at all material times, was a

consumer as defined by Florida Statute § 501.203(7), and is entitled to seek the

underlying relief.

**ANSWER:**     Admit that Plaintiff and alleged class plaintiffs seek damages as alleged.
Deny that Plaintiff and any alleged class plaintiffs are entitled to any damages.

136.     NuWave engaged in unfair and deceptive acts in violation of Fla. Stat. Ann. §

501.204 when it represented that its Pro Model Ovens are "high quality," "durable,"

"safe," and "shatter resistant" when in fact they are not; and, when in response to requests

for replacement products under NuWave's warranty, NuWave either refused to honor the

warranty or sent consumers products that contained the same defect. NuWave also sold

defective Standard Domes to consumers after the warranty expired, knowing that they

were defective. At other times, NuWave upsold consumers to purchase the Power Dome

even during the warranty period.

**ANSWER:**     Deny.  The domes are not defective.  Defendant honors all valid warranty claims.
Further answering, Defendant admits that it represented its products as being of high quality,
durable, safe, and shatter resistant.  Defendant admits that it offered some consumers the
opportunity to purchase a stronger dome at a discounted price if the claim was made during the
warranty period.

137.     Plaintiff and members of the Florida Subclass relied on NuWave's representations

when purchasing their Pro Model Ovens. Had they known that those representations were

false, they would not have purchased the Ovens or would have paid less for them.

**ANSWER:**     Deny.  No representations were false.  Deny knowledge sufficient to admit or
deny as to what plaintiff or the alleged members of the Florida subclass relied upon, or what she
or they would have done.

### D.  COMMON LAW CLAIMS

### COUNT IX
**(Unjust Enrichment—On behalf of the Nationwide Class and the Florida Subclass)**

138.     Plaintiff re-alleges and incorporates every allegation set forth in paragraphs one

through sixty-one above as if fully written herein.

**ANSWER:**     Defendant incorporates by reference as its answer to ¶ 138 each and every answer as stated in ¶¶ 1-61 above, as if fully written herein.

139.     This claims (sic) is pled in the alternative to the extent that it is determined that

there is no express contractual relationship.

**ANSWER:**     Admit that the unjust enrichment claim contains the word it contains.  Further answering, Defendant denies that class plaintiffs individually or as a class have entitlement to the relief sought.

140.     Plaintiff and members of the class conferred a benefit upon NuWave, which

NuWave had knowledge thereof.  Namely, Plaintiff and members of the class paid money

to NuWave for the Pro Model Ovens.

**ANSWER:**     Deny.  Further answering, Defendant admits that some class members may have purchased ovens from NuWave or retailers.

141.     NuWave voluntarily accepted and retained the monetary benefit conferred under

circumstances that make it unjust and inequitable for NuWave to retain it without paying

Plaintiff and members of the nationwide class and Florida subclass the value thereof.

Specifically, NuWave retained that benefit despite the fact that the Pro Model Ovens

were defective.

**ANSWER:**     Deny.  Further answering, legal conclusions contained herein require no response.

142.     When purchasing their Pro Model Ovens, Plaintiff and class members reasonably

believed that the Ovens would perform as advertised and as warranted and would remain

intact and continued to work after normal use.

**ANSWER:**     Deny.  Further answering, Defendant is without knowledge sufficient to admit or deny as to what plaintiff believed.

143.     Plaintiff and class members received less than what they paid for in that the Pro

Model Ovens contain a defect that makes their Domes crack, rendering them useless.

**ANSWER:**     Deny.

144.     Plaintiff and class members conferred a benefit on NuWave by purchasing the Pro

Model Ovens. Had Plaintiff and class members known about the Ovens' defect—which

resulted in the Ovens becoming unusable—they would not have purchased the Ovens or

would have paid significantly less for them.

**ANSWER:**     Deny.  Further answering, Defendant denies knowledge as to what plaintiff or any
alleged class members would have done.  Defendant admits that it directly and through others
sold Pro Model Ovens to numerous persons throughout the country.

145.     NuWave should therefore be required to disgorge all profits, benefits, and other

such compensation it obtained through its wrongful conduct.

**ANSWER:**     Deny.

## REQUESTS FOR RELIEF

Defendant denies that Plaintiff, and any alleged class plaintiffs are entitled to any relief

requested.  Wherefore, Defendant NuWave, LLC respectfully requests that this Court enter

judgment in its favor and against Plaintiff on all claims asserted in this action, and that this court

award NuWave, LLC costs, and provide all such further relief as this court within its discretion

deems appropriate and just.

## GENERAL DENIAL

Except as otherwise expressly provided, Defendant denies each and every allegation

contained in ¶¶ 1-145 above, and specifically denies any liability to any plaintiff either as an

individual claim or as a class.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure,

averments in the complaint to which no responsive pleading is required shall be deemed denied. Defendant expressly reserves the right to amend and/or supplement this Answer.

## DEMAND FOR TRIAL BY JURY

Defendant demands trial by jury, pursuant to Rule 38(b), as to all claims asserted in Plaintiff's complaint so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant incorporates by reference in its affirmative defenses each and every answer to each and every foregoing allegation in each and every paragraph above, and specifically ¶¶ 1-145. The statement of any defense hereinafter does not assume the burden of proof for any issue as to which relevant and applicable law places the burden on Plaintiff. Defendant expressly reserves the right to amend and/or supplement its Defenses and does not waive any available defense. Defendant asserts as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any recovery that Plaintiff purports to be entitled to obtain must be offset by Plaintiff's failure to mitigate her damages, as required by law.

### THIRD DEFENSE

All or at least some of Plaintiff's claims did not give Defendant adequate notice as required by law for the alleged breaches of the alleged breaches of express or alleged implied warranties, or cure such breaches, if any, as required by law.

### FOURTH DEFENSE

All or at least some of Plaintiff's claims for breaches of express or implied warranties are barred due to Plaintiff's lack of privity with NuWave, LLC, as Plaintiff has not alleged in the complaint that she purchased her ovens directly from NuWave, LLC.

## FIFTH DEFENSE

All or at least some of Plaintiff's warranty claims, express or implied, fail where and to the extent that the alleged defect has not manifested itself.

## SIXTH DEFENSE

All or at least some of Plaintiff's claims fail for breach of express warranty as plaintiff does not properly allege reliance on an express warranty. Rather, Plaintiff alleges, in a conclusory fashion, that she and class members relied upon representations that NuWave, LLC would provide replacement parts and/or labor. Moreover, Plaintiff, including named Plaintiff Elizabeth Aguilera, plainly states in her First Amended Complaint that she did not purchase the ovens from NuWave LLC.

## SEVENTH DEFENSE

All or at least some of Plaintiff's claims for breach of express warranties must fail as Plaintiff has not plead a specific breach of the NuWave Warranty.

## EIGHTH DEFENSE

NuWave Ovens are covered by an express written warranty that Plaintiff and all purchasers of NuWave Ovens accepted at the time of purchase, and that express written warranty excludes any other warranties, including but not limited to any other express warranties, the implied warranty of merchantability, and the implied warranty of fitness for a particular purpose as permitted by applicable law. Plaintiff accepted that limited written warranty in lieu of any

other warranty or representation, express or implied. Therefore, NuWave pleads the written warranty as a complete bar to all or at least some of Plaintiff's claims. See Exhibit A.

**NINTH DEFENSE**

NuWave Ovens are covered by an express written warranty which was accepted at the time of purchase. See Exhibit A. That express written warranty limits remedies for a breach of warranty, whether express or implied, to a replacement part. The warranty excludes consequential or incidental damages. Plaintiff accepted that limited written warranty in lieu of any other warranty or representation, express or implied. To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of consequential or incidental damages against Defendant, Defendant pleads the written warranty as a complete bar to all, or at least some, of Plaintiff's claims.

**TENTH DEFENSE**

All or at least some of Plaintiff's claims for breach of implied warranty of fitness for a particular purpose fail because Plaintiff has failed to allege that the NuWave Ovens were to be used for a particular purpose other than their ordinary use, as required under applicable law.

**ELEVENTH DEFENSE**

All or at least some of Plaintiff's claims for breach of warranty fail because Plaintiff has not pled facts which sufficiently establish that they met the conditions of the NuWave warranty, and therefore Plaintiff is not entitled to invoke the NuWave warranty.

**TWELFTH DEFENSE**

To the extent that Plaintiff claims that the terms of NuWave's warranty are unconscionable or fail their essential purpose, Plaintiff fails to adequately plead facts sufficient to show unconscionability or failure.

46

## THIRTEENTH DEFENSE

Plaintiff's claim for breach of the implied warranty of merchantability fails because Plaintiff has not pled facts sufficient to show that the alleged defect in the NuWave oven rendered the NuWave Oven unfit for the ordinary purpose of preparing food in accordance with the owner's manual.

## FOURTEENTH DEFENSE

All or part of Plaintiff's claims are barred by the applicable statutes of limitation. By way of illustration, Plaintiff has failed to allege a class period and, as a result, all or at least some of Plaintiff's claims are barred because they were not filed within the statutory period prescribed by relevant, governing, and applicable law. The discovery rule, to the extent permitted by law, would not toll the statute of limitations.

## FIFTEENTH DEFENSE

Upon information and belief, all damages suffered by Plaintiff were proximately caused by abuse, misuse, improper care and maintenance, or improper storage of the NuWave ovens. Plaintiff fails to allege facts sufficient to show that she did not abuse, misuse, improperly care or maintain, and did not improperly store the ovens they claim are defective.

## SIXTEENTH DEFENSE

All or at least some of Plaintiff's claims are barred by laches.

## SEVENTEENTH DEFENSE

All or at least some of Plaintiff's claims are waived, as some have received replacement domes for their valid warranty claims or accepted other consideration for domes which they were dissatisfied with.

## EIGHTEENTH DEFENSE

All or at least some of Plaintiff's claims are barred by estoppel.

## NINETEENTH DEFENSE

If plaintiff has sustained any damages, any such damages were caused by her own acts or omissions, or the acts or omissions of others; and are not the result of any defect in the oven.

## TWENTIETH DEFENSE

Plaintiff fails to plead facts to show her entitlement to fees and costs.

## TWENTY-FIRST DEFENSE

Upon information and belief, each and every one of the counts identified in Plaintiff's complaint should be barred; or, in the alternative, reduced to the extent that Plaintiff's negligence or other fault caused the alleged harm pursuant to the doctrine of comparative fault.

## TWENTY-SECOND DEFENSE

Upon information and belief, Plaintiff's contributory negligence is a bar to each count in the complaint.

## TWENTY-THIRD DEFENSE

Plaintiff's unjust enrichment claim fails as a matter of law, because that doctrine is not available to for purported warranty violations in at least some jurisdictions whose law applies to the nationwide class.

## TWENTY-FOURTH DEFENSE

Plaintiff's unjust enrichment claim fails as a matter of allowed because unjust enrichment is not recognized as a cause of action in at least some jurisdictions whose law applies to the nationwide class.

## TWENTY-FIFTH DEFENSE

All or at least some of Plaintiff's consumer protection claims fail because the complaint does not contain facts sufficient to state claims for violations of those statutes to the degree of specificity required.

### TWENTY-SIXTH DEFENSE

All or at least some of Plaintiff's consumer protection claims fail as they do not adequately plead the existence of a causal nexus between the alleged statuary violations and damages incurred.

### TWENTY-SEVENTH DEFENSE

All or at least some of Plaintiff's implied warranty claims fail because Plaintiff failed to plead privity as required by law.

### TWENTY-EIGHTH DEFENSE

All or at least some of plaintiff's consumer protection claims for misrepresentation or deceptive advertising fail because Plaintiff has failed to adequately plead that she saw, heard, or otherwise was witness to any purported representation; without which no reliance could have occurred.

### TWENTY NINTH DEFENSE

All or at least some of plaintiff's consumer protection claims fail because they fail to adequately allege economic damages.

### THIRTIETH DEFENSE

The complaint fails to satisfy the requirements of Rule 23, and therefore the putative class claims must be dismissed.

### THIRTY-FIRST DEFENSE

To the extent that plaintiff seeks to extrapolate liability, causation, or damages on a class-wide basis without requiring each class member to prove liability, causation, and damages as to each and every one of Plaintiff's claims, Plaintiff's claims are barred in whole or in part by the due process clause and equal protection clause of the Fourteenth Amendment and the Seventh Amendment's guarantee of a jury trial.

## THIRTY-SECOND DEFENSE

All or at least some of plaintiff's claims for false, deceptive, or misleading statements or advertisements fail because none of the statements or advertisements incorporated false, deceptive, or misleading language or representations.

## THIRTY-THIRD DEFENSE

All or at least some of plaintiff's claims are barred by the doctrine of satisfaction.

## THIRTY-FOURTH DEFENSE

All or at least some of plaintiff's consumer protection claims fail because the alleged statements were mere puffery, which is not actionable under applicable law.

## THIRTY-FIFTH DEFENSE

Insofar as plaintiff failed to give NuWave, LLC adequate pre-suit notice, the claims fail.

Respectfully submitted,
**NUWAVE, LLC**

By:     */s/ Peter S. Morse*_____
Peter S. Morse
Melvin W. Gaddy
**MORSE BOLDUC & DINOS, LLC**
25 East Washington, Suite 750
Chicago, IL 60601
(312) 251-2577
ARDC: 6181070

50