UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH AGUILERA, individually, and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>NuWave, LLC,<br><br>                      Defendant. | Case No. 1:18-cv-3550<br><br>Honorable Edmond E. Chang |

## JOINT INITIAL STATUS REPORT

Pursuant to the Minute Order entered by the Court on May 21, 2018 (DE #5), Plaintiff Elizabeth Aguilera ("Plaintiff") and Defendant NuWave, LLC ("NuWave") (collectively "Parties") in the above-captioned case jointly submit this Initial Status Report.

    **1.**    **THE NATURE OF THE CASE**

        A.    *Attorneys of Record:*

            i.    <u>For Plaintiff:</u>    Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Melissa S. Weiner of Pearson, Simon & Warshaw, LLP (lead trial counsel); Hassan A. Zavareei of Tycko & Zavareei LLP; Susan Coler, Halunen Law (local counsel).

            ii.    <u>For NuWave, LLC:</u> Melvin W. Gaddy, Peter C. Morse and Matthew J. Kowals of Morse, Bolduc & Dinos, LLC (lead trial counsel).

        B.    ***Basis for Federal Jurisdiction:***    Plaintiff alleges that this Court has original jurisdiction pursuant to Class Action Fairness Act, 28 U.S.C. §§ 1332(d).  *See* First Amended Class Action Complaint, ¶ 17 (DE #21).

C.  *Nature of the Claims Asserted:* According to the First Amended Class Action Complaint, NuWave markets and sells two of its four current NuWave Oven models, the NuWave Oven Pro and the NuWave Oven Pro Plus ("Pro Model Ovens" or "Ovens"), with clear plastic domes ("Standard Domes" or "Domes") that are susceptible to cracking after minimal usage. Accordingly, NuWave sells a product into the stream of commerce that does not perform as promised and suffers from a uniform defect. Plaintiff, Elizabeth Aguilera, purchased, owned, or used four different NuWave Ovens, all of which came with Standard Domes, and all of which cracked after minimal use. She is pursuing alternative causes of action, some seeking certification of a national class and others seeking relief for a subclass of Floridians, as follows:

*Express Warranty Claims:*

Count I—Breach of Express Warranty—Magnuson Moss Warranty Act—On Behalf of the Nationwide Class and the Florida Subclass;

Count II—Breach of Express Warranty—On Behalf of the Nationwide Class; and

Count III—In the Alternative, Breach of Express Warranty on Behalf of the Florida Subclass Under Fla. Stat. Ann. § 672.313.

*Implied Warranty Claims:*

Count IV—Violation of 15 U.S.C. § 2301 *et seq.*: The Magnuson-Moss Warranty Act—Implied Warranty—On Behalf of the Nationwide Class and the Florida Subclass; and

Count V—In the Alternative, Breach of Implied Warranty of Merchantability on Behalf of the Florida Subclass Under Fla. Stat. Ann. § 672.314.

*Consumer Protection Statutory Claims:*

Count VI—Violation of the Illinois Uniform Deceptive Trade Practices Act—On Behalf of the Nationwide Class;

Count VII—Violation of Illinois Consumer Fraud and Deceptive Trade Practices Act—On Behalf of the Nationwide Class; and

Count VIII—In the Alternative, Violation of Florida Consumer Protection Laws—On Behalf of Florida Subclass.

*Common Law Claim:*

Count IX—Unjust Enrichment—On Behalf of the Nationwide Class and the Florida Subclass.

  D. ***Major Legal and Factual Issues:*** The legal issues, which the parties currently dispute, include: (1) whether NuWave's actions amounted to a breach of express warranty under the Magnuson Moss Warranty Act, on behalf of the Nationwide Class and the Florida Subclass; (2) whether NuWave's actions amounted to a breach of express warranty on behalf of the Nationwide Class; (3) whether NuWave's actions amounted to a breach of express warranty on behalf of the Florida Subclass under Fla. Stat. § 672.313; (4) whether NuWave's actions violated an implied warranty under the Magnuson-Moss Warranty Act on behalf of the Nationwide Class and the Florida Subclass; (5) whether NuWave's actions amounted to a breach of implied warranty of merchantability on behalf of the Florida Subclass under Fla. Stat. § 672.314; (6) whether NuWave's actions amounted to a violation of the Illinois Uniform Deceptive Trade Practices Act on behalf of the Nationwide Class; (7) whether NuWave's actions amounted to a violation of Illinois Consumer Fraud and Deceptive Trade Practices Act on behalf of the Nationwide Class; (8) whether NuWave's actions amounted to a violation of Florida Consumer Protection Laws on behalf of Florida Subclass; (9) whether NuWave's actions amounted to unjust enrichment on behalf of the Nationwide Class and the Florida Subclass; (10) whether to

certify Plaintiff's claims Fed. R. Civ. P. 23; and (11) whether Plaintiff and the Class are entitled to the relief sought.

The principal factual issues, which the parties currently dispute, include: (1) whether the products are defective; (2) whether the products are defectively designed and/or manufactured; (3) whether NuWave knew or reasonably should have known about the defects prior to distributing the products to Plaintiff and the Class; (4) whether NuWave concealed from and/or failed to disclose to Plaintiff and the Class the problems with the products; (5) whether NuWave knew or reasonably should have known about the defects after distributing the products to Plaintiff and the class and subclasses; (6) whether plaintiff made a warranty claim to NuWave; and (7) whether NuWave failed to honor plaintiff's warranty claim.

    E.    ***Relief Sought:***  The Amended Complaint seeks:

      i. Certification of the Class pursuant to Federal Rules of Civil Procedure 23;

     ii. Damages, including compensatory, exemplary, and statutory damages, to Plaintiff and the Class in an amount to be determined at trial;

    iii. Restitution to Plaintiff and the Class and require NuWave to disgorge its ill-gotten gains;

    iv. A declaration that NuWave violated the consumer protection laws alleged in the Amended Complaint, and a permanent injunction against NuWave from engaging in the wrongful and unlawful conduct alleged;

     v. Punitive damages, to the extent permitted by law;

    vi. Expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

    vii.    Pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

    viii.    All such further relief as the Court deems appropriate.

**2.**     **PENDING MOTIONS AND CASE PLAN**

A.     NuWave has been served. No other parties remain to be served.

B.     NuWave answered the Amended Complaint on July 25, 2018.

C.     NuWave filed its Motion to Bifurcate Discovery on July 30, 2018, Doc. # 25.

D.     *Mandatory Initial Discovery Pilot Project Information:*

    i.    The Parties intend to serve interrogatories, document requests, and requests for admissions, and will take depositions. The Parties anticipate the use of expert witnesses, for which expert discovery will be required. Plaintiff believes that discovery should initially bear upon class certification and merits issues, focusing initially on those Federal Rule of Civil Procedure 23 and merits issues necessary to brief and decide class certification. Defendant believes that initial discovery should be focused on the merits of Plaintiff's individual warranty claim such that the parties may determine named whether named Plaintiff may satisfy Rule 23's requirements. Discovery will provide the foundation for informed settlement negotiations.

    ii.    The following due dates shall apply: (a) Mandatory Initial Discovery disclosures by August 24, 2018; and (b) at this time, it is unknown whether ESI disclosures will be needed from Plaintiff other than with respect to evidence of her communications, if any, with NuWave and/or others, regarding her warranty claim, and the Parties agree that, given the claims in

      this case, NuWave's ESI disclosures should be made on a rolling basis following the Parties' agreement to the ESI search terms and custodians, along with any ESI shared repositories, to be completed by February 1, 2019. The Parties are negotiating an agreed ESI protocol in accordance with the Standing Order Regarding Mandatory Initial Discovery Pilot Program.

iii. Description of Parties' Discussion of the Mandatory Initial Discovery Responses Required: On July 26, 2018, the parties held an initial discussion regarding future discovery. Since Defendant filed its answer on July 25, 2018, the initial discovery responses are not due until August 24, 2018, and thus disputes regarding discovery responses cannot yet be discussed in detail.

iv. The first-set of written discovery requests by the Parties shall issue by October 1, 2018.

v. Fact Discovery Completion Date: The parties request a deadline of April 5, 2019. Additionally, the parties request 90 days of discovery following the Court's ruling on class certification to address any additional trial expert witness discovery necessitated from the Court's ruling on class certification.

vi. Class Certification: Plaintiff will file her motion for class certification on May 17, 2019. Defendant shall file its response July 19, 2019. Plaintiff shall file its reply on August 30, 2019.

vii. Expert Discovery Completion Date: For class certification issues, Plaintiff shall serve her expert reports by May 17, 2019. Defendant shall serve its reports for class certification issues by July 19, 2019, and Plaintiff shall

6

     serve any rebuttal expert reports pertaining to class certification issues by August 30, 2019. If a class is certified, the Parties will meet and confer with 7 days of the Court's ruling on class certification to determine a disclosure schedule for any remaining trial/merits experts.

  viii. Deadline for Dispositive Motions: The parties request a deadline of 180 days following the Court's order on Plaintiff's motion for class certification.

D. Trial: Plaintiff has requested a jury trial. The Parties estimate that a trial will take approximately one week.

E. The Parties agree to service of pleadings and other papers by electronic means under Fed. R. Civ. P. 5(b)(2)(E).

3. **CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE**

The parties do not consent to proceed before a magistrate judge pursuant to Federal Rule of Civil Procedure 73.

4. **STATUS OF SETTLEMENT DISCUSSIONS**

The parties have yet to formally discuss settlement of this action, but they agree that they will do so in the future, including whether to mediate. At this time, the parties do not request a settlement conference before the Court. The parties agree that the Court should set a mediation deadline.

Respectfully submitted,

DATED: July 30, 2018

By: /s/ *Jonathan M. Streisfeld*

Jeff M. Ostrow
Jonathan M. Streisfeld
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILERT**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com

Melissa S. Weiner
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
Phone: (612) 389-0600
Fax: (612) 389-0610
mweiner@pswlaw.com

Hassan A. Zavareei
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Phone: (202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com

*Counsel for Plaintiff Elizabeth Aguilera,*
*individually, and on behalf of all others*
*similarly situated*

By: /s/ *Peter C. Morse*

Peter C. Morse
Melvin W. Gaddy
Matthew J. Kowals
**MORSE BOLDUC & DINOS, LLC**
25 E. Washington Street, Suite 750
Chicago, IL 60602
Telephone: (312) 251-2577
Facsimile:
pmorse@morseandbolduc.com
mgaddy@morseandbolduc.com
mkowals@morseandbolduc.com

*Counsel for Defendant NuWave, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Joint Initial Status Report to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and

8

notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ *Jonathan M. Streisfeld*
Jonathan M. Streisfeld