UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH AGUILERA, individually and on Behalf of herself and all others similarly situated, | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | Case No. 1:18-CV-3550 |
| NUWAVE, LLC, | ] ] | The Hon. Edmond Chang |
| | ] | (Jury Trial Demanded) |
| Defendant. | ] | |

**NUWAVE'S REPLY IN SUPPORT OF ITS
MOTION TO BIFURCATE DISCOVERY**

NOW COMES Defendant NUWAVE, LLC, by its attorneys Peter C. Morse and Melvin W. Gaddy, of MORSE BOLDUC & DINOS, LLC, and in Reply in Support of its Motion to Bifurcate Discovery, states as follows:

Defendant is not trying to win an unfiled Motion for Summary Judgment in its Motion to Bifurcate, or engage in any 'free-ranging merits inquiries' at the class certification stage. Rather, the few factual details of Plaintiff's failure to follow the steps set forth in the express limited warranty are obtained, Defendant, at that time, will prepare and present its Motion for Summary Judgment for this count's consideration. Defendant only cites the cases it does as a background reminder that class action warranty claims are rarely allowed.

If Plaintiff's individual claim is defeated, Plaintiff cannot maintain a class action. *See, e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 148 (1982) (class "[plaintiff] must prove … the validity of his own claim"); *Griffith v. Wilmette Harbor Ass'n, Inc.*, 378 Ill.App.3d 173, 184, 881 N.E.2d 512, 522 (1st Dist. 2007) ("if a purported representative plaintiff for a class action

1

cannot maintain his individual claim against the defendant … then the class action claim cannot be maintained").

A Motion for Summary Judgment on Plaintiff's claim can be brought early on in this litigation without the Plaintiff obtaining the records from Defendant of the "dome's design, manufacturer, and testing" (page 12 of Plaintiff's Response, Doc. # 34) or Defendant's records of dome sales and responses to warranty claims of other customers. When that mountain of evidence is compared to the mole hill of evidence relevant to whether Plaintiff has a valid claim, the economy and expediency of limiting the initial discovery to Plaintiff's individual claim seems self-evident.

If Plaintiff believes she can pursue her claim even though the facts will show that she did not follow the procedures set forth in the express warranty, she will be able to make these arguments in response to Defendant's future Motion for Summary Judgment. Plaintiff continues to selectively quote only portions of the warranty. Plaintiff ignores the fact that the warranty requires consumers, who believe they have a valid dome replacement claim, return the part to NuWave, to obtain a Return Goods Authorization number (RGA), and to provide proof of date of purchase (such as a copy of the receipt).

The law is clear that to maintain a warranty claim, a plaintiff must prove she complied with the warranty's terms. *Disher v. Tamko Bldg. Products, Inc.*, 2018 WL 905362 (S.D. Ill. Feb. 15, 2018); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010); *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill.App.3d 504, 510 (1st Dist. 2005).

Just because Defendant viewed it as being more expedient to not waste many months of litigation on a Motion to Dismiss, *and still be faced with Plaintiff's insistence on proceeding with discovery on all issues while Motions to Dismiss are pending*, does not mean that discovery on

all other potential class members' claims must move forward at this time. If Defendant brought a motion to dismiss which would be limited solely to the Plaintiff's allegations without being able to show the court the actual facts of Plaintiff's failure to comply with the express warranty, the Defendant would have less probability of prevailing.[1]

Rather than engaging in months of class discovery that will likely prove futile, it would be more prudent to get the actual facts before the court on a Motion for Summary Judgment so that the court can better rule on whether the Plaintiff herself has a valid claim. The alternative would be to litigate this case only to find, after hundreds of thousands of dollars were spent, that the named plaintiff did not even have standing to maintain this suit. If the court rules she does not, her attempt to be a class representative will fail and this litigation will be disposed of. Nothing could be more expeditious or economical. If the court finds that she has a valid claim, then neither she nor the class will be prejudiced in any concrete way. Plaintiff cites exactly no case limiting this court's discretion with respect to bifurcating discovery as sought here.

In *Christian v. Generation Mortgage Co.*, 2014 WL 4494860, at *9 (N.D. Ill. Sept. 12, 2014), the court granted a Defendant's Motion to Bifurcate discovery with respect to the named plaintiff's claim and the "tens of thousands of individual" others who sought loans from the Defendant. The court ruled that the plaintiff was to be "stop[ped] at the gates," rather than permitted to "inflict enormous costs by engaging in discovery that is bound to prove futile." *Id.* How much more enormous will the cost be when there were millions of domes sold, rather than merely "tens of thousands"?

---

[1] Like the Defendant in *Quinn v. Specialized Loan Servicing, LLC*, 2016 WL 4264967, at *8 (N.D. Ill. Aug. 11, 2016) (which was a prelude to *Quinn v. Specialized Loan Servicing, LLC*, 321 F.R.D. 324 (N.D. Ill. 2017) (ruling on motion to bifurcate discovery as between certification and merits of the class's claim as a whole)), who's initial Motion to Dismiss was denied because the court was required to accept as true the Plaintiff's allegations, and this never considered the facts.

WHEREFORE, the Defendant, NuWave, LLC respectfully moves that this Honorable Court enter an order granting the Defendant's Motion to Bifurcate Discovery as stated therein.

        Respectfully submitted,
        **NUWAVE, LLC**

By:    */s/ Peter S. Morse*
        Peter S. Morse
        Melvin W. Gaddy
        **MORSE BOLDUC & DINOS, LLC**
        25 East Washington, Suite 750
        Chicago, IL 60601
        312-251-2577 (main)
        312-376-3896 (fax)
        pmorse@morseandbolduc.com
        mgaddy@morseandbolduc.com

## **CERTIFICATE OF SERVICE**

I, Peter C. Morse, hereby certify that on August 8, 2018, a copy of the foregoing Defendant NuWave's Reply in Support of its Motion to Bifurcate Discovery was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                              **MORSE, BOLDUC & DINOS, LLC**

                              /s/ Peter C. Morse
                              One of the Attorneys for Defendant, NuWave, LLC

Peter C. Morse
Melvin W. Gaddy
**MORSE, BOLDUC & DINOS, LLC**
25 E. Washington Street, Suite 750
Chicago, Illinois 60602
312-251-2577 (main)
312-376-3896 (fax)
pmorse@morseandbolduc.com
mgaddy@morseandbolduc.com