UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AGUILERA, individually and on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>   vs.<br><br>NuWave, LLC,<br><br>            Defendant. | Case No. 1:18-cv-03550<br><br>Hon. Edmond E. Chang<br><br>**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS** |

**1.     PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") and paper documents in the above-captioned case.

**2.     COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter regarding discovery of ESI.

**3.     LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that all ESI in each party's respective possession, custody or control as of the date this litigation was commenced will be, and is being, preserved.

The parties will exchange and discuss a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.

The parties shall add or remove custodians as reasonably necessary.

The parties agree to take reasonable steps to preserve records in a form that will permit the collection and production of Metadata that is necessary to fulfill their agreement on the form of production, referenced in Appendix A. Notwithstanding the foregoing, the parties agree that they may conduct non-ESI collection they believe is appropriate to locate ESI they can specifically identify without an ESI search (i.e. patents, manufacturing specifications, user manuals, marketing materials, testing documents, and warranty documents), and acknowledge that certain metadata fields may not be preserved through such non-ESI collection. The parties will use their best effort to preserve all metadata and will produce the metadata for all ESI (including non-ESI collection electronic documents) in the same format, to allow the receiving party to easily identify any metadata fields that were lost during collection. To the extent a receiving party reasonably believes that the complete metadata for any ESI produced via non-ESI collection is discoverable in accordance with Fed. R. Civ. P. 26, the receiving party may request that the producing party locate and produce the file with the complete metadata for such

file, and the producing party shall meet and confer in good faith to agree upon such production.

5. **SEARCH AND TIME FRAME FOR SEARCHES**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about search terms and other methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Pursuant to their duty to cooperate and to reduce the burden in filtering out ESI that is not subject to discovery, the parties will work together to agree on targeted search terms that target responsive ESI, including search terms translated into any relevant foreign language(s). To the extent necessary, the parties will modify search terms based on hit results to tailor the search terms appropriately. Such modification may include the right to add a search term(s) to ensure that responsive and relevant documents are produced. The parties agree that an agreement to run search terms is not an agreement to produce every document that hits on every search term.

6. **PRODUCTION FORMATS**

**General Agreement**

The parties agree to produce documents in native or TIFF image file format, as detailed below. If particular documents warrant a different format, the parties will cooperate regarding the mutually acceptable production of such documents in an alternative format. A party that receives a document produced in TIFF or other format may make a reasonable request to receive the document in its native format.

The parties agree to continue to meet and confer about the production formats as necessary.

**Production of Certain Files in Native Format**

Unredacted Excel documents or spreadsheets; unredacted PowerPoint documents or presentations containing animation, video, or sound; and audio or video files shall be produced in native format.

Microsoft Word or other word-processing documents that contain tracked changes or comments may be produced in native format. Alternatively, at the producing party's option, they may be produced as TIFF images, as long as they contain the tracked changes and comments contained in the original.

**Structured Data**

The parties will meet and confer regarding the production of structured data as needed.

**Image File Production Requirements**

Document images will be provided as single-page TIFF format, using Group 4 compression with at least 300 dots per inch ("dpi") resolution. Images may be reduced by up to 10% to allow for a dedicated space for page numbering and other endorsements of documents. Images will be in black and white, unless color is necessary to understand the meaning of the document.

All production items will be provided with a delimited data file or "load file," which will include both an image cross-reference load file (such as an Opticon file) as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available. The load file must reference each TIFF in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production.

Each page of a document will be electronically saved into an image file. If a document is more than one page, the unitization of the document and any attachments will be maintained as it existed in the original form and reflected in the load file. The parties will make their best efforts to unitize documents correctly.

**Bates Numbering**

All images must be assigned a Bates number that must always (1) be unique across the entire document production; (2) maintain a constant prefix and length (ten-digits and 0-padded) across the entire production; (3) contain no special characters or embedded spaces, except hyphens or underscores; (4) be sequential within a given document; and (5) identify the producing party. To the extent reasonably practicable, the Bates number must also maintain consistent numbering across a family of documents. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production. The producing party will brand all TIFF images at a location that does not obliterate or obscure any part of the underlying images.

**Metadata Production Requirements**

The parties agree to provide the metadata fields for all ESI produced, to the extent such metadata exists, as noted above and described in Appendix A. The parties agree to continue to meet and confer as needed regarding metadata fields.

**Confidentiality Designations**

If a particular paper document or ESI item qualifies for confidential treatment pursuant to any applicable federal, state, or common law (e.g., Personally Identifiable Information), or to the terms of a protective order entered by the Court in this case or a confidentiality stipulation entered into by the parties, the designation shall be branded on the document's image at a

location that does not obliterate or obscure any part of the underlying images. To the extent reasonably possible, this designation also should be included in the appropriate data field in the load file. Failure to comply with the procedures set forth in this Order, any protective order or confidential order, or any confidential stipulation shall not waive any protection or confidential treatment.

### De-Duplication

A party is only required to produce a single copy of a responsive document. Parties may globally de-duplicate stand-alone documents or entire document families using hash value matching (such as MD5 or SHA-1 values). ESI that is not an exact duplicate may not be removed. To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced. If duplicate responsive documents are removed prior to production, the metadata of the produced documents will, to the extent reasonably possible, include the metadata of the removed documents (such as the names of everyone who had those documents prior to de-duplication).

### Production of Emails

Parent-child relationships (the association between emails and attachments) will be preserved, and attachments to e-mails will not be eliminated from the parent e-mail. Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata.

### Production of Paper Documents

A party may make paper documents available for inspection and copying in accordance with Fed. R. Civ. P. 34 or, additionally or alternatively, OCR paper documents if it chooses. Where OCR is used, the parties agree the following information shall be produced in the load file

accompanying production of paper documents: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) Confidentiality, and (g) Redacted (YIN). Additionally, the producing party will identify the bates number range(s) of any paper documents produced.

Paper documents should be logically unitized for production to the extent reasonably practicable. Therefore, when scanning paper documents for production, distinct documents shall not be merged into a single record and single documents shall not be split into multiple records.

Where the documents were organized into groups, such as folders, clipped bundles, and binders, this structure shall be maintained and provided in the load file to the extent reasonably practicable. The relationship among the documents in a folder or other grouping should be reflected in proper coding of the beginning and ending document and attachment fields to the extent reasonably practicable. The parties will make their best efforts to unitize documents correctly.

Where a document, or a document group, such as folder, clipped bundle, or binder, has an identification spine or other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

The parties will utilize best efforts to ensure that paper records for a particular document custodian are produced in consecutive Bates stamp order.

**7. DOCUMENTS PROTECTED FROM DISCOVERY**

**Non-Waiver of Protection**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass

production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### Redactions

Any redactions made by a party shall be identified as redacted within the "REDACTED" metadata field, and all redactions shall be logged on the privilege log with a notation stating the reason for the redaction. Each party reserves the right to object to any redaction and to seek an order from the Court requiring the producing party to produce an unredacted version after meeting and conferring in an attempt to agree to removal of the redaction.

### Privilege Logs

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. The parties agree to meet and confer to address undue burden related to this requirement. The privilege log will be produced within 30 days of substantial completion of the parties' document production, and supplemented if necessary thereafter.

### "Clawback" of Documents

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the party asserting the privilege must bring the contest to the attention of the Court by motion.

## 8. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: February 27, 2019

>*/s/ Melissa S. Weiner*
>Melissa S. Weiner, Esq.
>**PEARSON, SIMON & WARSHAW, LLP**
>800 LaSalle Avenue
>Suite 2150
>Minneapolis, MN 55402
>Telephone: (612) 389-0600
>Facsimile: (612) 389-0610

*/s/ Jeff Ostrow*
Jeff Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One W. Las Olas Blvd.
Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

*/s/ Hassan A. Zavareei*
Hassan A. Zavareei, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW
Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*/s/ Douglas A. Millen*
Douglas A. Millen, Esq.
Robert J Wozniak, Esq.
Brian M Hogan, Esq.
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521

*Attorneys for Plaintiff*

DATED: February 27, 2019

*/s/ Robert J. Palmersheim*
Robert J. Palmersheim, Esq.
Anand C. Mathew, Esq.
**PALMERSHEIM & MATHEW LLP**
401 N. Franklin Street, Suite 4S
Chicago, IL 60654
Telephone: (312) 319-1791

*Attorneys for Defendant*

**IT IS ORDERED** that the foregoing stipulation is approved.

Dated: _____, 2019

                                                                                       _____
                                                                                       HON. EDMOND E. CHANG
                                                                                       United States District Judge

# APPENDIX A
# ESI PRODUCTION METADATA FIELDS

Metadata from Email:

    Email Subject (SUBJECT)

    Email Author (FROM)

    Email Recipient (TO)

    Email CC (CC)

    Email BCC (BCC)

    Email Received Date (DATERCVD)

    Email Received Time (TIMERCVD)

    Email Sent Date (DATESENT) (mm/dd/yyyy)

    Email Sent Time (TIMESENT)

    Email Categories (CATEGORIES)

    Email Conversation Thread Text

    Hash Value (MSGID)

    Outlook Calendar Appointment Start Time (OL_CAL_START)

    Outlook Calendar Appointment Creation Time (OL_CREATIONTIME)

    Outlook Calendar Appointment Delivered Time (OL_DELIVER_TIME)

    Outlook Calendar Appointment Sent Time (OL_SENT)

    Outlook Type (Type of Outlook item, e.g. email, note, calendar item, contact)

Metadata from Electronic Files:

    File Name (TITLE)

    File Author (AUTHOR)

    File Type (FILETYPE)

   File Manager

   File Created Date (DATECRTD) (mm/dd/yyyy)

   File Created Time (TIMCRTD)

   File Last Modified Date (LASTMODD) (mm/dd/yyyy)

   File Last Modified Time (LASYMODT)

   File Extension

   Modified By (MODIFIEDBY)

<u>Data for both Email and Electronic Files:</u>

   Custodian (CUSTODIAN)

   Source (SOURCE)

   Original Path (FILEPATH)

   MD5 Hash (HASHVALUE)

   Native File Link (NATIVEFILELINK)

   File Path (TEXTPATH)

   Redacted (REDACTED)

   To the extent reasonably available, the "Custodian," "Source" or "Original Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the individual custodian from whose hard drive such ESI has been gathered

For all documents (for example, email) that contain an attachment, to the extent available, the following fields should be produced as part of the metadata load file to provide the parent/child or parent/sibling relationship:

   Production Number Begin (BEGBATES)

   Production Number End (ENDBATES)

   PARENTBATES (PARENTID)

   ATTACHBATES (ATTACHID)

   Production Attachment Range Number Begin (BEGATTACH)

   Production Attachment Range Number End (ENDATTACH)

   Attachment Name (ATTACHNAME)

   Production Doc Page Count (PGCOUNT)

File Size (FILESIZE)

Application (APPLICAT)

Number of Attachments (ATTACHCOUNT)