UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AGUILERA, individually and on behalf of herself and all others similarly situated., <br><br> Plaintiff, <br><br> vs. <br><br> NuWave, LLC, <br><br> Defendant. | Case No. 1:18-cv-03550 <br><br> Hon. Edmond Chang |

**UNOPPOSED MOTION FOR LEAVE TO AMEND
COMPLAINT AND CASE CAPTION**

Plaintiff ELIZABETH AGUILERA ("Plaintiff") submits this motion pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a Second Amended Class Action Complaint adding new plaintiffs as putative class representatives, CRYSTAL RUSSELL, TERESA DISALVO, EMMA MENDOZA, and SHAUNTIQUEA FOSTON, two of whom also bring a claim involving NuWave's Power Dome that was a component of certain NuWave Ovens during the putative class period. Like the First Amended Complaint, the amended pleading pursues claims that Standard Dome is defective and adds similar claims as to the Power Dome. This motion is being filed within the deadline for amending pleadings. (Dkt. #65). Plaintiff's proposed Second Amended Class Action Complaint is attached hereto as Exhibit 1.

Pursuant this Court's Standing Order on Motion Practice, Plaintiff's counsel met-and-conferred with Defendant's counsel to discuss the proposed amendment on February 28 and March 1, 2019 and Defendant confirmed that it does not oppose this Motion.

Plaintiff filed her original Class Action Complaint on May 18, 2018, alleging nine causes

of action: (I) Breach of Express Warranty—Magnuson Moss Warranty Act—On Behalf of the Nationwide Class and the Florida Subclass; (II) Breach of Express Warranty—On Behalf of Nationwide Class; (III) In the Alternative, Breach of Express Warranty on Behalf of the Florida Subclass Under Fla. Stat. Ann. § 672.313; (IV) Violation of 15 U.S.C. § 2301 *et seq.*: The Magnuson-Moss Warranty Act—Implied Warranty—On Behalf of the Nationwide Class and the Florida Subclass; (V) In the Alternative, Breach of Implied Warranty of Merchantability on Behalf of the Florida Subclass Under Fla. Stat. Ann. § 672.314; (VI) Violation of the Illinois Uniform Deceptive Trade Practices Act—On Behalf of the Nationwide Class; (VII) Violation of Illinois Consumer Fraud and Deceptive Trade Practices Act—On Behalf of the Nationwide Class; (VIII) In the Alternative, Violation of Florida Consumer Protection Laws—On Behalf of Florida Subclass; and, (IX) Unjust Enrichment—On Behalf of the Nationwide Class and the Florida Subclass. (Dkt. #1).

Plaintiff filed her First Amended Complaint on June 26, 2018, to clarify the jurisdictional allegations regarding Defendant's citizenship in response to a request from the Court to do so. (Dkt. ## 16, 21). On July 25, 2018, Defendant filed its Answer and Affirmative Defenses to the First Amended Complaint. (Dkt. # 22).

The parties have exchanged initial disclosures and the Mandatory Initial Discovery under this Court's Pilot Program. They have also propounded discovery requests and responses thereto. The Parties are currently negotiating ESI search terms to search Defendant's ESI for responsive documents.

The proposed Second Amended Class Action Complaint includes additional plaintiffs from other states and adds claims pertaining to the Power Dome to the case. As such claims asserting relief in the alternative under the new plaintiffs' respective states' consumer protection laws, and

adds claims for the implied warranty of suitability for a particular purpose. As Rule 15(a)(2)'s mandate requires, leave should be freely granted in this situation, and Plaintiff respectfully requests that the Court grant leave to amend.

## ARGUMENT

When a party does not have the right to amend as a matter of course, the rules provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. As to the principle that leave should be freely given when justice so requires, the Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, (1962). The Court further explained that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.'" *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman*, 371 U.S. 182). All these factors militate for allowing Plaintiff to amend her complaint.

This is Plaintiff's first substantive request to amend her pleading. The prior amendment was done as a matter of right before Defendant had appeared in this case in response to a request from the Court and was only made to clarify the Defendant's citizenship for jurisdictional purposes, not to fix any substantive defect. Additional putative class representatives seek to pursue common claims involving the NuWave Oven and have standing to represent other consumers in the individual state consumer protection subclasses in the alternative to applying the Illinois

consumer protection statute to all consumers' claims. Two of the new plaintiffs also has standing to pursue claims for those consumers who purchased a NuWave Oven with a Power Dome or who purchased the Power Dome separately. As Plaintiff has exhibited no undue delay, bad faith or dilatory motive, the claims are not futile, and Defendant will not be prejudiced, leave to amend is warranted.

Plaintiff makes this motion for leave to amend without any undue delay. The instant motion is filed within the Court-ordered deadline to amend the pleadings. This case is still early in the discovery phase. No dispositive motions or motions for class certification have been filed. The strongest indicator that there is no prejudice to Defendant is that Defendant does not oppose this Motion. In sum, no undue delay or prejudice to Defendant is present and leave to file a Second Amended Class Action Complaint should be granted.

Finally, Plaintiff has not abused the privilege to amend and the proposed amendments are not futile. Plaintiff has not exhibited a pattern of repeated failure to cure deficiencies as the Court has not yet been asked to consider the merits of the claims. The only prior amendment was to clarify a jurisdictional allegation. Additionally, there is no futility of amendment. Defendant did not file a motion to dismiss the First Amended Complaint, but rather answered it. The Second Amended Class Action Complaint makes similar allegations, adding additional putative class representatives, the Power Dome, and broadening the warranty claims in a discrete way.

Finally, Plaintiff's counsel believes it is necessary to request that the Court direct the Clerk of the Court to modify the case caption when new parties are added. Therefore, Plaintiff respectfully requests that the Order on this Motion include such a direction so all of the new plaintiffs, CRYSTAL RUSSELL, TERESA DISALVO, EMMA MENDOZA, and SHAUNTIQUEA FOSTON, are named in the case caption. Because Plaintiff has not abused the

privilege to amend and amendment is not futile, Plaintiff's request for leave to file a Second Amended Class Action Complaint should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to file and serve the proposed Second Amended Class Action Complaint and to amend the case caption to include the new putative class representatives.

Dated March 1, 2019

*/s/ Jonathan Streisfeld*
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Jeffrey M. Ostrow
Jonathan Streisfeld
Joshua R. Levine, Esq.
One West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com
levine@kolawyers.com


**PEARSON, SIMON & WARSHAW, LLP**
Melissa S. Weiner (*pro hac vice*)
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com

**FREED KANNER LONDON & MILLEN LLC**
Douglas A. Millen, Esq.
Robert J Wozniak, Esq.
Brian M Hogan

                                             2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521

*Counsel for Plaintiffs and the putative class*

## CERTIFICATE OF SERVICE

      I, Jonathan M. Streisfeld, hereby certify that on March 1, 2019, a copy of the foregoing MOTION FOR LEAVE TO AMENDED THE COMPLAINT AND CASE CAPTION was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                       _/s/ Jonathan M. Streisfeld_____
                                                    Jonathan M. Streisfeld