UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AGUILERA, TERESA DISALVO, EMMA MENDOZA, and SHAUNTIQUEA FOSTON, individually and on behalf of themselves and all others similarly situated., <br><br> Plaintiffs, <br><br> vs. <br><br> NUWAVE, LLC, <br><br> Defendant. | Case No. 1:18-cv-03550 <br><br> Hon. Edmond Chang <br><br> **MOTION TO COMPEL DEFENDANT NUWAVE, LLC TO DISCLOSE INFORMATION REGARDING TECHNOLOGY ASSISTED REVIEW AND SAMPLING PURSUANT TO ESI PROTOCOL** |

917358.4

1

**MOTION TO COMPEL**

**I.     INTRODUCTION**

Following numerous attempts to resolve this issue through the meet and confer process, Plaintiffs bring this Motion to Compel as a result of Defendant's refusal to provide basic information regarding its use of technology assisted review ("TAR") and sampling. Plaintiffs submit this entire issue should have been avoided as Defendant had an obligation to (1) disclose its intent to use TAR and sampling and (2) provide this information pursuant to the Stipulated Order Re: Discovery of Electronically Stored Information and Paper Documents (Dkt. 80) ("ESI Protocol"). Defendant first notified Plaintiffs that TAR and sampling were being used to review documents for responsiveness to Plaintiffs' discovery requests after producing documents and unilaterally deciding that none of the additional documents were likely to be responsive to the discovery requests. This occurred well after the parties had agreed to ESI search terms without Defendant disclosing a desire to use TAR or sampling.

While questions remain as to whether the use of TAR and sampling on top of ESI search terms is proper (as a matter of e-discovery practices), at this point Plaintiffs simply request more information (as is required by the ESI Protocol) regarding Defendant's processes and approach so they can evaluate whether they believe TAR was appropriately implemented followed by sampling. Ultimately, Plaintiffs *may* agree that Defendant's processes were reliable for its ESI obligations in this case, however such a determination cannot be made without the requested information.

As such, Plaintiffs respectfully request that this Court enter an order requiring that Defendant provide meaningful responses to the following 9 questions which were prepared by

Plaintiffs in response to the memorandum Defendant provided from Defendant's ESI vendor, a copy of which is attached as Exhibit 3:

## TAR QUESTIONS

1. Did NuWave deduplicate the documents it collected first, before running search terms, reducing the number to 577,522, and then it ran the agreed search terms, resulting in 425,358 documents?

2. Did NuWave use a TAR 1.0 or TAR 2.0 process?

3. What "targeted" or additional search terms did NuWave use?

4. How many documents were used to train the TAR algorithm?[1]

5. How many times did NuWave re-score documents yet to be reviewed for responsiveness?

## SAMPLING QUESTIONS

6. Did NuWave sample a null set, *i.e.*, documents that did not hit on any agreed search terms?

7. Did NuWave sample documents that hit on the agreed search terms, but which did not hit on the additional, "targeted" search terms used by NuWave?

8. Did NuWave review a sample of documents that its TAR scoring process determined were unlikely to be responsive? If so, what was the TAR ranking threshold? If NuWave reviewed documents that were scored 20% or higher, and only sampled documents that were scored 5% or lower, what happened to any documents in the middle—those between 6% and 19% likely to be responsive? In other words, why did it choose that method given that we would expect a statistically reliable random sample to include documents that scored as high as 19%? A chart or list showing how many yet to be reviewed documents scored 19%, 18%, etc. would aid the understanding of the sampling methodology.

9. How many randomly sampled documents did NuWave review?[2]

---

[1] Once Plaintiffs know this number, it may be necessary for Plaintiffs to receive production of the documents used to train the algorithm for Plaintiffs to concur that TAR was properly implemented.

[2] Once Plaintiffs know this number, it may be necessary for Plaintiffs to receive production of the sampled documents for Plaintiffs to concur that the sampling created a statistically reliable result (footnote continued)

## II. FACTUAL SUMMARY

Since the ESI Protocol was affirmed by this Court on March 9, 2019, the Parties have engaged in discovery. The ESI Protocol provides,

> The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about search terms and other methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

ESI Protocol, § 5.

Without meeting and conferring about the use of TAR, let alone the process by which it would be implemented, Defendant unilaterally utilized TAR and sampling to search for responsive documents. *See* July 23, 2019 Letter from Anand C. Mathew, Counsel for Defendant, attached as Exhibit 1 to the concurrently filed Declaration of Melissa S. Weiner in support of this Motion ("Weiner Decl."). Defendant unilaterally decided to use TAR and sampling <u>without any notice to or agreement from Plaintiffs</u>, despite meeting and conferring on numerous other discovery issues and negotiating and agreeing to the terms of the ESI Protocol and to ESI search terms.[3] *See* July 24, 2019 Letter from Jonathan M. Streisfeld, Co-Counsel for Plaintiffs, attached as Exhibit 2 to the Weiner Decl.

Upon receiving notice of Defendant's use of TAR and sampling for the very first time over four months into the discovery process, the very next day, July 24, 2019, Plaintiffs stated their objection and first requested the information sought in this Motion. The Parties' counsel participated in a conference call on July 25, 2019 during which Plaintiffs asked for information

---

that the currently unreviewed documents are not likely to be responsive to Plaintiffs' discovery requests.

[3] The Court is aware of the efforts the parties undertook to negotiate ESI search terms from prior filings.

concerning the TAR and sampling. Defendant in turn forwarded a 3-page memorandum from "Percipient" to counsel for Plaintiffs that purportedly provided "an overview of document collection and review efforts." However, that document failed to sufficiently explain Defendant's TAR and sampling processes and to address Plaintiffs' reasonable concerns. *See* July 31, 2019 Memorandum from Percipient to A. Mathew, attached as Exhibit 3 to the Weiner Decl. Plaintiffs responded to the memorandum with the original questions posed in the meet and confer and additional clarifying questions, which further set forth the basis of their objection. *See* August 15, 2019 Letter from Melissa S. Weiner, Co-Counsel for Plaintiffs, attached as Exhibit 4 to the Weiner Decl. Almost two weeks later, Defendant responded to Plaintiffs' August 15, 2019 letter with no substantive information and no responses to Plaintiffs' specific questions and requests for additional information. *See* August 27, 2019 Letter from A. Mathew to M. Weiner, attached as Exhibit 5 to the Weiner Decl.

After Defendant concealed the use of TAR and sampling for over four months and refused to substantively meet and confer regarding the same for over one month, Plaintiffs continued efforts to obtain the basic information regarding the process and methodology unilaterally employed by Defendant in order to keep the discovery process moving and obtain the ESI they need to prosecute this matter. In yet another letter to Defendant, Plaintiffs asked the exact questions that are set forth in Section I, *supra*. *See* September 5, 2019 Letter from M. Weiner to A. Mathew, attached as Exhibit 6 to the Weiner Decl. In response thereto, Defendant refused to address any questions related to TAR (numbers 1 through 5) and provided what amount to non-responses to questions related to sampling (numbers 6 through 9). *See* September 9, 2019 Letter from A. Mathew to M. Weiner, attached as Exhibit 7 to the Weiner Decl. On September 16, 2019 Counsel for Plaintiffs emailed Counsel for Defendant requesting one more attempt at resolving

this issue. The next day, Counsel for Defendant stated; "I doubt another call will be productive…" and agreed that the Parties were at an impasse. *See* Weiner Decl. ¶ 11.

Based on Plaintiffs' repeated efforts to <u>simply obtain information</u> related to Defendant's process and methodology (rather than flat out rejecting it), and Defendant's refusal to provide substantive and meaningful responses thereto, Plaintiffs were left with no other option than to bring the instant Motion and involve the Court. The Court's review of the exhibits to this Motion should provide it with the necessary insight into why Plaintiffs have asked the questions that are the subject of this Motion, and Plaintiffs will certainly provide any additional information that the Court deems necessary to rule.

### III. LEGAL ARGUMENT

A. <u>Defendant's Unwillingness to Participate in a Substantive and Meaningful Meet and Confer Regarding its Use of TAR or Sampling is in Violation of the ESI Protocol</u>

While TAR is undoubtedly becoming widely accepted, "that view is not universally held for all cases at this time." *See City of Rockford v. Mallinckrodt ARD Inc.*, 326 F.R.D. 489, 493 (N.D. Ill. 2018) (quoting *DaSilva Moore v. Publicis Groupe*, 287 F.R.D. 182, 202 (S.D.N.Y. 2012) and Raymond Biederman and Sean Burke, *Biederman and Burke: Is use of keywords in e-discovery a game of "Go Fish"?*, The Indiana Lawyer (November 16, 2016), available at https://www.theindianalawyer.com/articles/42021-use-of-keywords-in-e-discovery-a-game-of-go-fish). "Conducting a random sample of the null set is a part of the TAR process." *City of Rockford*, 326 F.R.D. at 494 (quoting *DaSilva Moore*, 287 F.R.D. at 202). "The purpose of randomly sampling the null set after a TAR review is to validate the process and provide reasonable assurance that the production is complete." *City of Rockford*, 326 F.R.D. at 494 (quoting *Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, p. 27 (September 2016) and Charles Yablon & Nick

Landsman-Roos, *Predictive Coding: Emerging Questions and Concerns*, 64 S.C. L. Rev. 633, 641 (Spring 2013)). "**Validation and quality assurance are fundamental principles to ESI production.** The process provides the reasonable inquiry supporting the certification under Rule 26(g)." *City of Rockford*, 326 F.R.D. at 494 (emphasis added).

In *City of Rockford*, the parties agreed to the use of TAR but did not agree on the sampling process. Ultimately, the court required the random sampling of the null set, which required the disclosure and agreement on the methodology. *Id.* at 496. Here, no such agreement existed regarding TAR or in turn the methodology related thereto. Plaintiffs, as an initial matter, are not at this time making a blanket objection to Defendant's use of TAR and sampling.[4] Rather, Plaintiffs are seeking information regarding the process and methodology employed by Defendant so that such a position (either way) can be formulated. Once the requested, necessary information is received, Plaintiffs will be able to (1) further meet and confer on the issue; (2) formulate a well-reasoned position; and (3) either agree with or seek changes to the TAR and sampling process and methodology.

The Federal Rules of Civil Procedure assume and require cooperation of the parties regarding discovery. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37. Local Rule 37.2 requires that the parties meet and confer on discovery issues in good faith prior to bringing a motion before the court. *See* LR37.2. Here, Plaintiffs have complied with the requirements of the Rule and have on multiple occasions requested the necessary information from Defendant to no avail. *See* Section II, *supra*. As such, Plaintiffs' Counsel hereby certifies that, pursuant to Local Rule 37.2, there

---

[4] Plaintiffs reserve their rights to state an objection to Defendant's use of TAR in whole or in part based on the information received through the meet and confer process and/or this Motion.

917358.4                                       7

were numerous conferences and consultations and after almost two months of attempting to resolve the issues, the Parties are at an impasse.

In numerous meet and confers and throughout the discovery process, Defendant never informed Plaintiffs of its intent to use TAR and sampling until its July 23, 2019 letter stating that Defendant was refusing to review the remaining documents that were located using the agreed to ESI search terms the parties went to painstaking effort to negotiate (*see* Exhibit 1 to the Weiner Decl.). Had Plaintiffs been aware of fact that Defendant intended to use TAR or sampling, Plaintiffs would have met and conferred with Defendant *prior to* the first ESI search for documents to ensure the parties were operating under mutually agreeable parameters for the use of TAR or sampling.

In *Progressive Casualty Ins. Co. v. Delaney*, No. 2:11-CV-00678-LRH, 2014 WL 3563467 (D. Nev. July 18, 2014), the parties agreed to an ESI protocol and search terms, but one party unilaterally decided to use predictive coding (a form of TAR) without the agreement of the other party and without seeking leave of the court to amend the ESI order. There, the court ultimately did not allow the party to use the predictive coding. *Id*. at *11. Here, the facts are analogous and, absent an agreement of the Parties, the same should result.

The reasonable way for the Court to aid the Parties in resolving the current dispute is to require Defendant to respond to all of the questions listed above, and to furnish Plaintiffs with the documents used for training the TAR algorithm and in sampling the set of unreviewed documents. Plaintiffs simply do not know what volume of documents were used to train the TAR algorithm or to perform the sampling on which Defendant bases its position that no other documents should be reviewed for responsiveness. If very few documents were used for either step, there is concern that the TAR training and sampling are unreliable.

      B.    <u>Absent the Requested Information, Plaintiffs Object to Defendant's Use of TAR and Sampling</u>

In the alternative, Plaintiffs object to Defendant's use of TAR and sampling and respectfully request that the Court issue an order disallowing TAR and sampling, and requiring strict compliance with the ESI Protocol as this has caused significant delay in the review and completion of the document production in this case. In this case, Defendant should be required to review the remaining ESI for responsiveness, which is what Plaintiffs understood was occurring until receiving the July 23, 2019 letter from Defendant. A date certain should be set for the completion of this production. This would be reasonable to order given that Defendant failed to comply with the ESI Protocol by timely raising its desire to use TAR or sampling.

      C.    <u>Defendant Should be Ordered to Pay Plaintiffs' Costs Associated with this Motion</u>

Plaintiff respectfully requests that the Court order Defendant to pay all fees and costs associated with the efforts required to bring the instant Motion.

**IV.    CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant this Motion in its entirety.

DATED: September 24, 2019        **PEARSON, SIMON & WARSHAW, LLP**

By:     */s/ Melissa S. Weiner*
       MELISSA S. WEINER

Melissa S. Weiner, Esq.
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

917358.4        9

Jeffrey M. Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
Joshua R. Levine, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
2800 Ponce de Leon Blvd.
Suite 1100
Coral Gables, FL 33134
Telephone: (305) 529-8858
Facsimile: (954) 525-4300

Hassan A. Zavareei, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW
Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Douglas A. Millen, Esq.
Robert J Wozniak, Esq.
Brian M Hogan, Esq.
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521

*Attorneys for Plaintiffs and the putative class*

## CERTIFICATE OF SERVICE

I, Melissa S. Weiner, hereby certify that on September 24, 2019, a true and correct copy of the foregoing *Motion to Compel* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Melissa S. Weiner*
Melissa S. Weiner
