UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AGUILERA, TERESA DISALVO, EMMA MENDOZA, and SHAUNTIQUEA FOSTON, individually and on behalf of themselves and all others similarly situated., <br><br> Plaintiffs, <br><br> vs. <br><br> NUWAVE, LLC, <br><br> Defendant. | Case No. 1:18-cv-03550 <br><br> Hon. Edmond Chang <br><br> **PLAINTIFFS' RESPONSE TO MOTIONS TO WITHDRAW AS COUNSEL FOR DEFENDANT NUWAVE, LLC [Dkt. Nos. 126, 128, 130, 132.]** |

Plaintiffs hereby respond to the Motions to Withdraw filed by counsel for Defendant NuWave, LLC. [Dkt. Nos. 126, 128, 130, 132.]

On the eve of two scheduled depositions of NuWave employees[1] that Plaintiffs worked hard to schedule and prepare for, and in the midst of Plaintiffs' other extensive efforts to resolve various discovery disputes without the need for Court intervention, NuWave decided to replace its counsel. Plaintiffs' counsel were first notified that attorneys with Palmersheim & Mathew LLP's ("Existing Counsel") intent to withdraw in an email on Monday, October 14, 2019, at

---

[1] Depositions of two key fact witnesses, Gene Kim and Romina Beltran, were scheduled for October 17, 2019 and October 22, 2019. Plaintiffs' counsel had confirmed travel arrangements and had devoted significant preparation time to the taking of the two depositions. Additionally, the depositions were the result of significant discussion and negotiation between Plaintiffs' counsel and previous counsel for NuWave over the course of many weeks. The two witnesses provided limited availability, and the scheduling was difficult to finalize. Plaintiffs agreed to take these depositions in advance of a corporate representative deposition of NuWave because of objections to certain topics Plaintiffs noticed for deposition, which the Court is aware may require resolution of a motion for protective order.

approximately 4:31 p.m. CST.  Plaintiffs' counsel immediately requested a telephone call with NuWave's desired new counsel, attorneys with Bishop Diehl & Lee, Ltd. ("New Counsel"), who have noticed their appearance in the case [Dkt. No. 122-124], and Existing Counsel.  New Counsel's experience litigating putative class actions is not apparent.  Plaintiffs' counsel asked for justification for the untimely and abrupt withdrawal, which was sure to impact the progress of discovery.  Existing Counsel declined to explain, or to participate in a telephone call held with Plaintiffs' counsel and New Counsel, indicating it would be handled by New Counsel.  The call occurred on the afternoon of October 15, 2019, the same day Existing Counsel moved to withdraw.  During the call, Plaintiffs' counsel attempted to discuss a more orderly transition of the case that would have Existing Counsel at least participate in certain pending and time sensitive discovery matters.  However, NuWave has rejected that on the basis that Existing Counsel would simply no longer be involved, and that New Counsel would need time to study what has occurred thus far.

New Counsel unilaterally cancelled the depositions of Gene Kim and Romina Beltran as New Counsel claims it needs to get up to speed and prepare those witnesses to testify.  However, the date, time, and location of those depositions had been confirmed. Absent the intended abrupt change in counsel, those witnesses could have been prepared to testify by Existing Counsel, and presumably they had already started working with Existing Counsel to prepare for their depositions when NuWave told Existing Counsel to withdraw.  Plaintiffs' counsel did not consent to the cancellation of the depositions, but in an effort to mitigate cost, agreed they would not appear for the depositions that New Counsel stated would not move forward.

On October 17, 2019, NuWave, through New Counsel, filed Defendant NuWave, LLC's Motion to Extend Briefing Schedules re: Dkt. 113 and a Potential Protective Order Motion.

2

[Dkt. No. 134.] That motion seeks to extend the October 17, 2019 deadline to respond to Plaintiffs' Motion to Compel NuWave, LLC to Disclose Information Regarding Technology Assisted Review and Sampling Pursuant to ESI. [Dkt. No. 113.] It also seeks to extend the deadline for NuWave to move for a protective order on topics at issue in the Fed. R. Civ. P. 30(b)(6) notice that Plaintiffs served on NuWave. [Dkt. No. 115.] Plaintiffs oppose the relief requested given the current case schedule.

Notably, on October 10, 2019, a joint motion for extension of time was filed a NuWave's behest to move for that protective order. The Court set a schedule for these motions during the most recent status conference on September 26, 2019. [Dkt. No. 115.] Plaintiffs agreed to the extension because the parties were working in good faith to resolve their differences with hope of avoiding the need for that motion. Existing Counsel did not give any indication at the time that New Counsel would be retained. Perhaps Existing Counsel was unaware of NuWave's decision to retain New Counsel at the time, but Plaintiffs are nevertheless prejudiced.

The Scheduling Order, entered by the Court on June 12, 2019, set a January 31, 2020 deadline for Plaintiffs to file their motion for class certification and expert reports on class certification. [Dkt No. 102.] This is now the second time NuWave has terminated its counsel,[2] and Plaintiffs' Counsel and Existing Counsel have been engaged in significant discovery meet and confers and negotiations for months, which have already resulted in several requests for extensions that the Court has granted.

Most concerning to Plaintiffs is that there has been no indication that Existing Counsel will aid in the transition of the file and the education of New Counsel about the extensive history

---

[2] NuWave replaced its first counsel following a failed early mediation. [Dkt. Nos. 55-63, 66.]

of discovery efforts in the case. Plaintiffs are concerned they will experience significant prejudice in the prosecution of this action with NuWave's second termination of its attorneys, the latest coming abruptly at a very inopportune stage in discovery. Plaintiffs are now being set back in their efforts to complete the necessary discovery to fairly meet the class certification motion deadline. It is for this reason that Plaintiffs oppose the immediate withdrawal of Existing Counsel based on the record before the Court.

Prior to the June 26, 2019 referral of discovery matters to Magistrate Judge Cummings, Plaintiffs filed the pending motion to compel that concerns Plaintiffs obtaining answers to important questions regarding the ESI discovery process NuWave unilaterally utilized in this case, the resolution of which will ultimately impact the review and production of additional documents. [Dkt. No. 113.] The yet to be filed protective order motion regarding topics in dispute for the Fed. R. Civ. P. 30(b)(6) deposition delays the setting and taking of that deposition, which is key to Plaintiffs noticing and taking additional fact witnesses.

It is reasonable to require a transition period where Existing Counsel and New Counsel work together with Plaintiff's Counsel to address these pending discovery issues, including timely completion of briefing the motions if any final meet and confers on those issues are unsuccessful.[3] Magistrate Judge Cummings has set a discovery-related status conference for November 5, 2019. Plaintiffs are concerned delaying briefing on the discovery motions discussed above until well after that date, as NuWave has proposed in its October 17, 2019 motion, will make it very difficult for Plaintiffs to complete the discovery needed to move for

---

[3] Absent a change in position by NuWave, Plaintiffs' counsel believe that the parties are at impasse regarding the pending motion to compel. As to the Rule 30(b)(6) notice, Existing Counsel was actively discussing the disputed deposition topics up until the October 14, 2019 email stating that they would be seeking to withdraw.

class certification. Existing Counsel's participation in preparing for and attending the depositions that were cancelled would also help discovery move forward.

New Counsel has raised the need to extend the overall case schedule. Assuming that Existing Counsel will be granted withdrawal from representing NuWave in the near future, Plaintiffs are not opposed to a reasonable extension, but believe the transition period proposed above should help the Court in keeping the case moving without undue delay to Plaintiffs' prejudice. Plaintiffs' counsel will be prepared to address the overall case schedule during the October 21, 2019 hearing on Existing Counsel's motions to withdraw, or such later date as the Court deems it appropriate to discuss modifying the case schedule.

DATED: October 18, 2019

By:     */s/ Jonathan M. Streisfeld*
       JONATHAN M. STREISFELD

Jeffrey M. Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
Joshua R. Levine, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
2800 Ponce de Leon Blvd.
Suite 1100
Coral Gables, FL 33134
Telephone: (305) 529-8858
Facsimile: (954) 525-4300

Melissa S. Weiner, Esq.
Joseph C. Bourne, Esq.
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

5

Hassan A. Zavareei, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW
Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Douglas A. Millen, Esq.
Robert J Wozniak, Esq.
Brian M Hogan, Esq.
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521

*Attorneys for Plaintiffs and the putative class*

## CERTIFICATE OF SERVICE

    I, Jonathan M. Streisfeld hereby certify that on October 18, 2019, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    */s/ Jonathan M. Streisfeld*
    Jonathan M. Streisfeld