# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH AGUILERA, TERESA DISALVO, EMMA MENDOZA, and SHAUNTIQUEA FOSTON, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NUWAVE, LLC,<br><br>Defendant. | Case No. 1:18-cv-03550<br><br>Hon. Edmond Chang<br><br>**JOINT STATUS REPORT** |

The parties submit the following status report in response to the order from Magistrate Judge Jeffrey Cummings that one be filed in advance of the status hearing set for November 5, 2019, at 11:00 a.m. The parties will be prepared to discuss these issues, as well as any other issues pertaining to discovery in this action that the Court may wish to discuss.

The parties formally met and conferred during a 2-hour telephone conference on October 29, 2019 to address pending discovery disputes and NuWave's new counsel need for additional time to proceed with various discovery matters. Prior to that conference, the parties counsel exchanged detailed emails to formulate the issues to be addressed. Progress was made, but certain matters remain under discussion. In the paragraphs that follow, the parties identify those matters on which they agreed, those on which they do not currently agree, and those that they will continue to attempt to reach agreement on in advance of the November 5, 2019 status conference.

1. **Plaintiffs' Motion to Compel Defendant NuWave, LLC to Disclose Information Regarding Technology Assisted Review and Sampling Pursuant to ESI Protocol.**

This motion was filed on September 24, 2019, when NuWave's prior counsel was still counsel of record. (Dkt. 113). A briefing schedule on this motion was set as a result of the September 26, 2019 status conference. (Dkt. 115.) Thereafter, all discovery matters were referred to the Magistrate Judge Cummings (Dkt. 116), prompting the setting of the November 5, 2019 Status Conference and an order that no briefing on any pending motions should be filed (Dkt. 125, 138).

During the October 29, 2019 meet and confer, counsel for the parties discussed whether NuWave will respond to the nine questions that are the subject of the motion and make other related information available, chiefly the documents used for sampling and any targeted search terms that were used to facilitate technology assisted review. NuWave's new counsel advised that it believes there has been some misinterpretation regarding what actions NuWave actually undertook that involved TAR and sampling, and committed to further consult with NuWave's ESI expert to clarify what occurred and what information NuWave would be prepared to provide, perhaps obviating a need for a ruling on the pending motion. NuWave's new counsel is working to obtain additional information from NuWave's ESI expert and expects to be able to provide additional information to Plaintiffs' counsel in advance of the status conference. The parties have agreed to an exchange of further information by November 1, 2019.

In advance of the status conference, the parties will continue to confer about these issues. NuWave understands that Plaintiffs' ultimate goal is to determine whether it agrees with NuWave's contention that the remaining documents identified using the parties' agreed-to ESI

search terms, totaling approximate 266,000 documents, need not be reviewed for responsiveness based because those documents are unlikely to be responsive to the document requests Plaintiffs served in this case. Accordingly, NuWave's new counsel has committed to providing additional information regarding the methods used to make that determination to allow Plaintiffs' counsel the opportunity to assess their own position on the matter. NuWave does not necessarily agree that the particular nine questions posed are appropriate for (or even relevant to) making that assessment but also understands that the selection of questions may be a result of Plaintiffs' limited viewpoint regarding what transpired with Defendant's ESI expert as reported in a memorandum from that expert supplied by NuWave's prior counsel. Accordingly, NuWave is not prepared to completely agree to respond to the exact questions posed but will provide further information while cognizant of the ultimate goal of resolution regarding the remaining 266,000 documents. If the parties are ultimately able to agree that the remaining 266,000 documents need not be reviewed, there should be no further need for involvement of the Court on this issue. In the event that Plaintiffs' counsel does not agree, NuWave has also made proposals for reducing and/or sharing the burden and expense involved with the review of the remaining documents. The parties have tabled consideration of those options pending resolution of the nine-question issue that is the subject of the Motion to Compel (by agreement or otherwise).

    2.    **Depositions.**

    a.    Based on agreements with NuWave's prior counsel, Plaintiffs had noticed the depositions of two fact-witness NuWave employees, Gene Kim and Romina Beltran, for October 17 and 22, 2019 respectively. Those depositions were cancelled as a result of NuWave's prior counsel notifying Plaintiffs' counsel on the afternoon of October 14, 2019 that they would be immediately withdrawing and replaced by NuWave's new counsel. Plaintiffs cancelled the

depositions to mitigate any of its costs associated with those depositions. The cancellation of those depositions was the subject of discussion during the October 21, 2019 hearing on prior counsel's motions to withdraw. (Dkt. 140.) On October 24, 2019, NuWave's counsel informed Plaintiffs' counsel that Ms. Beltran will be available for her deposition on November 5, 2019. Plaintiffs' counsel, on October 28, 2019, responded via email that November 5 date will not work for Ms. Beltran's deposition due to the status conference scheduled in this case for the same date. Accordingly, the parties are in the process of rescheduling those two depositions. NuWave will provide proposed dates by November 1, 2019.

      b.       On August 19, 2019, Plaintiffs served their Rule 30(b)(6) notice of deposition of NuWave, LLC. NuWave served written objections to the Rule 30(b)(6) notice on August 29, 2019, prompting Plaintiffs' counsel to have multiple meet and confers with NuWave's prior counsel both via telephone and email in an effort to resolve the objections. NuWave originally anticipated that Mr. Kim would act as the Rule 30(b)(6) deposition designee. In light of NuWave's continued objections to five topics stated in the Rule 30(b)(6) notice, and the potential need for the Court to resolve a motion for protective order as to the five topics, Plaintiffs agreed to proceed with the deposition of Mr. Kim as a fact witness before he would have appeared for the Rule 30(b)(6) deposition. NuWave and its new counsel no longer anticipate that Mr. Kim will act as the Rule 30(b)(6) designee. During the September 26, 2019 Status Conference, the Court set an October 10, 2019 deadline for NuWave to move for a protective order if the parties could not resolve their disagreements over the five topics. (Dkt. 115.) As they were continuing to confer to resolve the objections, the parties agreed to seek an extension of that briefing schedule (Dkt. 117), and the requested extended deadline to move for a protective order was mooted by the Court's setting of the November 5, 2019 status conference and direction that no briefing be filed before that date.

(Dkt. 125.) Plaintiffs' efforts to resolve those disagreements were interrupted by the withdrawal of NuWave's prior counsel. Since that time, email communications have occurred between counsel for the parties, which discussed the five topics during the October 29, 2019 telephonic meet and confer. As a result of that discussion, the following is the status as to what the parties have agreed to and what is still disputed:

      i.      NuWave will make a deponent available to testify regarding Topics 11 and 12. NuWave requested agreement that the phrase "parts of NuWave Ovens" be limited to the Standard and Power Domes, to which Plaintiffs agree. That agreement will be noted in an amended Rule 30(b)(6) notice prior to the taking of the deposition.

      ii.      NuWave will make a deponent available to testify about Topics 14, 15, and 16. As to Topic 15, which corresponds with the documents sought in Plaintiffs' Third Request for Production seeking documents for the same topic, NuWave will confirm whether it has documents to produce by November 1, 2019, and produce them by November 15, 2019.

      iii.      Plaintiffs have requested proposed dates for the Rule 30(b)(6) deposition. NuWave's new counsel is working to obtain workable dates for the Rule 30(b)(6) deposition and will provide those as soon as possible.

c.      A deposition of a former NuWave employee, David Oland, was noticed for November 1, 2019, and he was served with a subpoena for a deposition to be taken in Georgia where he resides. NuWave's new counsel requested the rescheduling of that deposition due to a scheduling conflict. With the assistance of NuWave's counsel who provided a telephone number for Mr. Oland, Plaintiff's counsel contacted Mr. Oland to confirm that the deposition will be rescheduled. By November 1, 2019, NuWave's counsel will propose dates on which they are

available to attend that deposition. The parties will work to confirm Mr. Oland's availability on a mutually agreeable date.

   d. Plaintiffs also noticed the depositions of two current NuWave employees, Jay Moon, the company's founder and President, and EY Cha. As of the date that NuWave's prior counsel withdrew, NuWave had yet to provide Plaintiffs with available deposition dates. New counsel for NuWave advised Plaintiffs' counsel that NuWave's position is that a South Korean interpreter will be required for each deposition. The parties met and conferred on that subject on October 29, 2019 in an effort to confirm the procedures for taking the depositions with the assistance of translators. NuWave advised Plaintiffs that all questions and responses will need to be translated, and that some documents written in English will need to be translated by the interpreter during the deposition (provided that the document was not authored by the witness). Plaintiffs' concern is that because those two witnesses regularly communicated in English in emails and other correspondence produced in discovery, using an interpreter will complicate the procedure for questioning these witnesses beyond the typical burden associated with using an interpreter. This is due to the fact that questions concerning the English language documents will need to be translated as well as the documents themselves. That burden is on top of the already-present burden of having all questions and answers translated into Korean necessarily adds to any deposition. The parties are working to reach a stipulation that will govern depositions requiring translators in this case to include, among other relevant topics, agreement as to the amount of additional time that should be afforded to account for the use of a translator and who should bear the cost of the translator. NuWave has proposed that an additional three hours be added to the seven-hour deposition limit for a total of 10 hours per witness to be completed in a single day. Plaintiffs believe that 14 hours should be permitted, and that regardless of the additional time limit

set that Plaintiffs be permitted to complete those depositions over two consecutive days to account for fatigue that ordinarily ensues for witnesses and counsel. If the parties cannot agree in advance of the November 5, 2019 status conference to a stipulation to be submitted to the Court for approval, they will seek a ruling from the Court as to how translated depositions will be conducted. The parties are continuing to confer on available dates for these two depositions.

e.     NuWave seeks dates for the depositions of Plaintiffs Teresa DiSalvo, Emma Mendoza, and Shauntiquea Foston. Plaintiffs are prepared to propose dates for those depositions, but believe that, on account of their prior efforts to notice the depositions of NuWave witnesses, the depositions of NuWave's witnesses should occur first. The parties are also discussing whether NuWave would be willing to travel to the home states of these Plaintiffs for their depositions, as none of them are citizens or residents of Illinois. NuWave has also requested a date for the deposition of withdrawn Plaintiff Crystal Russell, and the parties are in the process of discussing the need for that deposition.

f.     Assuming that the Court extends all deadlines in this case for the period of two months as addressed below, the parties believe that they can work in good faith to schedule all of the above depositions. They are in agreement that they should work expeditiously to schedule and take the depositions and recognize that the parties may wish to take additional depositions of other witnesses.[1]

3.     **Privilege Logs.**

To date no privilege log has been provided by NuWave. NuWave has agreed to produce a privilege log, if any documents need be logged, by December 2, 2019. Plaintiffs agreed to

---

[1] Third party deposition and document subpoenas were served on two vendors of NuWave, Solvay Specialty Polymers USA, LLC and Intertek Testing Services NA, Inc. Those companies are cooperating with the production of any responsive documents, and Plaintiffs agreed to delay the scheduled depositions of those two companies pending review of the documents produced. Intertek produced documents on October 30, 2019.

accommodate NuWave's new counsel's need to gain an understanding of what may have been marked as potentially privileged during prior counsel's review of documents for responsiveness. Plaintiffs stipulate that communications solely between NuWave and its litigation counsel regarding matters that are the subject of this litigation need not be logged. Plaintiffs also have not yet provided a privilege log and will do so by December 2, 2019, if necessary.

4. **Request to Modify Case Schedule.**

On account of NuWave's retention of new counsel on October 14, 2019, and the withdrawal of its other counsel, NuWave has requested Plaintiffs' agreement to request modification of the current case schedule. A minute entry from District Court Judge Edmond Chang provides Magistrate Judge Cummings with "full authority to adjust any deadlines." (Dkt. 115.) To the extent that authority includes modification of scheduling order deadlines beyond discovery deadlines, the parties request that the Court modify the current case schedule (Dkt. 102) by moving all current deadlines ahead two months. Otherwise, if Judge Chang must order modifications to the existing scheduling order other than discovery deadlines, they are prepared to expeditiously file a motion seeking a two-month extension of all deadlines, allowing for the parties to complete the discovery tasks identified above. Currently, there is a December 16, 2019 fact discovery cutoff, and Plaintiffs have a deadline to file their motion for class certification and to file their expert reports on class certification by January 31, 2019. (Dkt. 102.)

5. **NuWave's Inspection of Tangible Items.**

The withdrawal of prior counsel also resulted in the cancellation of the October 23, 2019 scheduled inspection of items requested by NuWave pursuant to Federal Rule of Civil Procedure 34. Plaintiffs have proposed dates on which their expert can be available to attend the inspection

by NuWave's expert. NuWave's counsel will provide dates when their expert is available in advance of the November 5, 2019 status hearing.

6. **Protective Order.**

In the Court's minute entry on October 22, 2019 (Dkt. 138), the parties were directed to consult the model protective order on the Court's website and to meet and confer on the submission of a protective order. On February 4, 2019, the District Judge Chang entered the parties Agreed Protective Order. (Dkt. 70.) Therefore, the parties respectfully request that discovery continue to be governed by that order. They will be prepared to address any questions or concerns from the Court about this issue during the November 5, 2019 Status Conference.

7. **Plaintiff's Motion for Sanctions**.

Consistent with District Judge Chang's minute entry following the hearing on the motions to withdraw and his remarks during the October 21, 2019 hearing (Dkt. 140, 141), Plaintiffs' counsel are determining which fees and expenses were caused by the multiplication of proceedings and for which they will seek sanctions against NuWave. They intend to file a motion in the near future. NuWave cannot fully respond to this issue without information regarding what particular fees and costs Plaintiffs would seek to recover, and the parties have not yet met and conferred on this matter. However, NuWave's preemptive position is that although some depositions may have been delayed by the substitution of counsel, proceedings have not been "multipli[ed]" and that much, if not all, of the work done to prepare for now-delayed depositions will be reusable when the depositions are rescheduled.

DATED: October 31, 2019

By: */s/ Jonathan M. Streisfeld*
JONATHAN M. STREISFELD

Jeffrey M. Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
Joshua R. Levine, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd.
Suite 500
Fort Lauderdale, FL 33134
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

Melissa S. Weiner, Esq.
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

Hassan A. Zavareei, Esq.
Matt Lanahan, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW
Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Douglas A. Millen, Esq.
Robert J Wozniak, Esq.
Brian M Hogan, Esq.
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521

*Attorneys for Plaintiffs*

DATED: October 31, 2019

By:     */s/* Nicholas S. Lee

Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Stephanie N. White
swhite@bdl-iplaw.com
**BISHOP DIEHL & LEE, LTD**
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I, Jonathan M. Streisfeld, hereby certify that on October 31, 2019, a copy of the foregoing Joint Status Report was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Jonathan M. Streisfeld*
Jonathan M. Streisfeld
