**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELIZABETH AGUILERA, TERESA DISALVO, EMMA MENDOZA, and SHAUNTIQUEA FOSTON, individually and on behalf of themselves and all others similarly situated, | Case No. 1:18-cv-03550 |
| Plaintiffs, | Hon. Edmond Chang |
| vs. | Magistrate Judge: Hon. Jeffrey Cummings |
| NUWAVE, LLC, | |
| Defendant. | |

**JOINT STATUS REPORT FOR**
**JANUARY 14, 2020 STATUS HEARING**

The parties submit the following status report pursuant Magistrate Judge Cummings's Order (Dkt. 143) directing that one be filed in advance of the status hearing set for January 14, 2020, at 11:00 a.m. The parties will be prepared to discuss these issues and any other issues that the Court may wish to discuss.

**I.     Preliminary Statement by NuWave, LLC**

On December 5, 2019, Judge Cummings held a telephonic status hearing, during which the parties and the Court discussed tabling ongoing discovery issues in favor of proceeding with settlement discussions. The Court set a settlement conference for February 14, 2020 and directed the parties to focus their discovery on settlement efforts. *See* Dkt. 150. The parties have not engaged in formal discovery and have set aside related discovery disputes (*i.e.* those related to ESI discovery) since that date. The Court's order did not address this Joint Status Report nor strike the

January 14, 2020 hearing.

On January 6, 2020, counsel for NuWave contacted counsel for Plaintiffs to inquire whether they would agree to jointly contact the Court and ask that the requirement to submit this Joint Status Report and the January 14th hearing be stricken, in order to conserve the Court's and parties' resources. Plaintiffs' counsel refused, citing outstanding informal requests for information related to settlement. Accordingly, NuWave has no choice but to participate in the preparation of this Joint Status Report and to attend the January 14th hearing, unless stricken by the Court. However, NuWave respectfully submits that the January 14, 2020 hearing is unnecessary and requests that it be stricken given the (intended) lack of progress on discovery issues to report.

## II.      **Plaintiff's Response to Preliminary Statement by NuWave, LLC**

Plaintiffs have declined to strike the status hearing currently scheduled with the Court in order to insure that NuWave produces the information Plaintiffs have requested, which is essential to the preparation of Plaintiff's mediation statement. On December 20, 2019, Plaintiffs requested summary data concerning sales of NuWave Ovens, sales of Domes for NuWave Ovens, and for Domes replaced under warranty. These summary figures will provide the basis for Plaintiff's mediation demand, which is due on January 10, 2020. While Plaintiffs agree that the Parties agreed to a stay of formal discovery, Plaintiffs also reiterate that NuWave agreed to provide informal discovery necessary for mediation.

Despite Plaintiffs having requested the summary information over two weeks ago, NuWave had not provided any definitive updates on when, or even if, it would provide that data until today, January 7, 2020, after Plaintiffs refused to strike the status conference. NuWave now states that it will provide the summary data today, January 7, 2020. Given Plaintiffs' obligation to serve its mediation statement including a demand on January 10, 2020, Plaintiffs request that the

status conference be held for the sole purpose of insuring that Plaintiffs receive the data from NuWave that they need to meet that obligation (and are unable to attain via normal avenues of discovery due to the tabling of formal discovery in this matter). To the extent NuWave provides the information necessary to formulate our settlement demand today, as they only just now indicated they will do, then Plaintiffs will advise the Court that they agree the status conference is no longer necessary.

**III.**    <u>**Joint Report**</u>

**1.**    **Plaintiffs' Motion to Compel Defendant NuWave, LLC to Disclose Information Regarding Technology Assisted Review and Sampling Pursuant to ESI Protocol.**

The parties have not made any progress on this issue since the last telephonic status (December 5, 2019) pursuant to their agreement to table discovery in favor of settlement discussions.

**2.**    **Deposition Scheduling**

    **a.**    **Rule 30(b)(6) Deposition of NuWave; Gene Kim, EY Cha, and Jay Moon**—No dates have been set. The parties intend to select a date in the event that settlement does not occur.

    **b.**    **Third-Party David Oland**—Plaintiffs' counsel was previously engaged in efforts to determine a date for Mr. Oland's deposition based on his availability. Efforts have been suspended in favor of settlement discussions. The parties coordinate a date based on the witness's availability if settlement discussions are unsuccessful.

    **c.**    **Plaintiffs DiSalvo, Foston, and Mendoza; Withdrawn Plaintiff Russell**—The parties struck previously-agreed dates for Plaintiffs DiSalvo, Foston, and Mendoza in favor of settlement discussions and have not rescheduled these depositions. The parties will select new dates for these witnesses if settlement is unsuccessful. Prior to the last status, NuWave was engaged in efforts to serve withdrawn Plaintiff Russell, who resides in a remote part of West

Virginia, with a subpoena for her deposition. NuWave has suspended those efforts pending settlement discussions.

**3.      Privilege Log**

The parties had previously agreed to exchange privilege logs by December 2, 2019. The parties have agreed to delay production of their privilege logs in view of settlement discussions. The parties will agree on a new deadline to exchange privilege logs if settlement efforts are unsuccessful.

**4.      Inspection of Tangible Items**

Judge Cummings's November 5, 2019 Order (Dkt. 143) notes an inspection of tangible items in California on November 13, 2019. The parties report that the inspection occurred on that date.

DATED: January 7, 2020

By:    */s/ Matthew Lanahan* **(with permission)**
       MATTHEW LANAHAN

       Jeffrey M. Ostrow, Esq.
       Jonathan M. Streisfeld, Esq.
       Joshua R. Levine, Esq.
       **KOPELOWITZ OSTROW FERGUSON**
       **WEISELBERG GILBERT**
       One West Las Olas Blvd.
       Suite 500
       Fort Lauderdale, FL 33134
       Telephone: (954) 525-4100
       Facsimile: (954) 525-4300

       Melissa S. Weiner, Esq.
       **PEARSON, SIMON & WARSHAW, LLP**
       800 LaSalle Avenue
       Suite 2150
       Minneapolis, MN 55402
       Telephone: (612) 389-0600
       Facsimile: (612) 389-0610

Hassan A. Zavareei, Esq.
Matt Lanahan, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW
Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Douglas A. Millen, Esq.
Robert J Wozniak, Esq.
Brian M Hogan, Esq.
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4521

*Attorneys for Plaintiffs*


DATED: January 7, 2020


By:   */s/ Nicholas S. Lee*
      Edward L. Bishop
      ebishop@bdl-iplaw.com
      Nicholas S. Lee
      nlee@bdl-iplaw.com
      Stephanie N. White
      swhite@bdl-iplaw.com
      **BISHOP DIEHL & LEE, LTD**
      1475 E. Woodfield Rd., Suite 800
      Schaumburg, IL 60173
      Telephone: (847) 969-9123
      Facsimile: (847) 969-9124


      *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Nicholas S. Lee, hereby certify that on January 7, 2020, a copy of the foregoing Joint Status Report was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Nicholas S. Lee
Nicholas S. Lee